## CLARK *vs.* CASSIDY, administrator.

1. Two verdicts finding proofs to authorize a total divorce, with no decree thereon, as ruled when this case was here before, 62 *Ga.*, 407, do not render the parties thereto competent to enter into another contract of marriage.

2. The proceedings of courts of record are to be ascertained from the minutes kept by the clerks thereof, signed and approved by the judge. Parol evidence is therefore inadmissible to establish that a certain decree was rendered when collaterally in question in the court of its rendition ; much more so in another and different tribunal.

3. The act of 1868 providing that in all cases where a divorce *a vinculo matrimonii* has been pronounced, and by decree only one of the parties is authorized to marry again, and the other party has nevertheless married, such contracts shall be legal, can have no applicability to this case, whether constitutional or not, on account of the absence of the decree above referred to.

4. Since 1864, to render a marriage valid in this state, it is not necessary that license should be granted, or the banns of the marriage published; if the other mode is adopted, the *factum* of such marriage must be clearly established, that is to say, that act by which a man and woman unite for life, with mutual intent to observe towards society and each other those duties which result from the relation of husband and wife, coupled with cohabitation and the performance of those duties, precisely as they would be fulfilled if solemnized under the other forms of marriage.

5. In charging as to the burden of proof, the court should state what testimony would shift the *onus* rather than when it would be changed. The latter would intimate an opinion on the sufficiency of the proof, whilst the former would simply instruct as to what evidence, when submitted, would be sufficient.

6. Where more than one plea was filed, and the verdict fails to disclose upon which it was based, the jury should be remanded to their room to fix that fact, if counsel so request or the pleas are contradictory. As the pleas in this case set up various defenses, the omission of the court to instruct upon this point justifies the grant of a new trial.

Divorce. Decree. Judgments. Evidence. Husband and wife. Marriage. Contracts. Charge of Court. Pleadings. Verdict. Practice in the City Court. Before Judge HARDEN. City Court of Savannah. November Term, 1879.

Clark *vs.* Cassidy, administrator.

Reported in the opinion.

R. R. RICHARDS, for plaintiff in error.

A. P. & S. B. ADAMS, for defendant.

CRAWFORD, Justice.

A woman who was living with Charles Clark, the plaintiff in error, died, leaving personal property said to be in her own right, and of which he took possession. Cassidy, the defendant in error, who had intermarried with a niece of this woman, by virtue of his wife's relationship, applied for and obtained letters of administration upon the estate of the deceased, and then brought an action of trover against Clark to recover the property for distribution. The defendant pleaded the *general issue*, that the property sued for was the defendant's, that the property sued for was not the plaintiff's nor that of his intestate; that the plaintiff was not administrator upon the intestate's estate; that for more than four years defendant has been in possession of the property under a claim of right, and that if plaintiff had cause of action the same was barred.

Upon the trial of the case the jury returned a verdict for the defendant. A new trial was moved for by the plaintiff on numerous grounds named in the record, which was granted by the court, and the defendant excepted. The defendant also requested the court to give certain charges, submitted in writing, to the jury, which were refused, and said refusal has herewith been assigned as error.

We propose to deal with the questions made by this record so as to settle all the points of law arising therein as far as the same may be practicable.

The theory of the plaintiff below was that the woman Mary C. *Shaffer or Clark*, was an unmarried female, and that at her death her property descended to, and was inherited by, Mrs. Cassidy, the wife of the administrator. The theory of the defense was, that she was the wife of Charles

Clark, the defendant, and that being his wife he inherited from her all her estate. The issue being thus made up, the plaintiff sought to show that Clark and herself were living in a state of illicit intercourse, whilst the defendant endeavored to prove that she was his lawful wife, not by the records of the court of ordinary, but by showing an informal marriage as recognized under the statute laws of Georgia, that is to say, ability to contract, actually contracting, and the consummation of that contract. To this the plaintiff replied, incompetency upon the part of the woman by reason of a former marriage with one John A. Shaffer, who was still in life, to which it was rejoined a divorce *a vinculo matrimonii* had been decreed.

1. Under the investigation made necessary to establish competency on the part of Mary C. Shaffer a question of law arose as to the legal effect of two verdicts finding sufficient proofs to authorize a total divorce, but upon which no decree carrying out and perfecting the same could be produced. It was ruled when this same case was before us, February Term, 1879, that such decree was necessary to give effect to such verdicts, which ruling we now re-affirm, and hold that without it the bonds of matrimony were not legally dissolved.

2. Upon failure to find a record of such decree its absence was allowed to be supplied by the introduction of parol proof. This testimony having been admitted, it formed the basis of part of the instructions given to the jury and is relied upon as one of the grounds for a new trial.

The proceedings of courts of record are to be ascertained from the minutes kept by the clerks thereof, signed and approved by the judge; and by the recording of all matters judicially considered, and disposed of by the order or judgment of the court. Whatever, therefore, of judgments or decrees of courts of record which do not legally appear do not legally exist. Hence, in this case the admission of parol testimony to establish a decree was illegal and should

have been excluded. This would be the rule in courts where the trial was pending in the same court in which the decree was claimed to have been rendered, and with stronger reason should it be rejected in another and different tribunal, as was the case here. Whilst this error would of itself be sufficient to authorize the affirmance of the grant of a new trial, there remain other points upon which the ruling of this court is made necessary.

3. In direct connection with the question just disposed of, comes the inquiry as to the legal effect of the act of 1868, which provides that in all cases where a divorce *a vinculo matrimonii* has been pronounced, and by a decree of the court only one of the parties is authorized to marry again, and the other party has nevertheless married, all such as have occurred before the adoption of the constitution of 1868, are legalized and the parties thereto relieved of all pains and penalties.

The constitutionality of this act is denied, upon the ground that it is an interference by the legislature with the judicial powers exclusively conferred upon the courts. However this may be, the want of any such decree in the case at bar, makes it unnecessary to declare what was the legislative right upon this subject. The party upon whose rights and disabilities we are passing, not falling within the class of persons named, no one can claim a benefit under its provisions even admitting its constitutionality.

The question of the marriage between the deceased and John A. Shaffer was a question of fact to be ascertained by proofs; if found to be so, then no subsequent marriage could legally take place between herself and Clark, during the life of Shaffer, unless a divorce was granted her, or him with the removal of her disabilities. It is therefore wholly immaterial, in the absence of such proofs, to inquire whether there was a contract of marriage *per verba de futuro*, or *per verba de presenti*, for the want of ability to contract the marriage precludes its possibility either by license, the publication of banns, or actual consummated contract.

But if it should be found that there was no marriage between them, or if there were and she was relieved from that tie, then her subsequent marriage was a subject matter of proof, and the questions would be, ability to contract, an actual contract, and a legal consummation thereof. In such investigation the evidence should show that both parties were free to make the contract and that they did so.

Since 1864, to render a marriage valid in this state, it is not necessary that license should be granted, or the banns of the marriage published in a neighboring church, but if the other mode is adopted, and it ever becomes a matter of proof, the *factum* of such marriage must be clearly established, that is to say, that *act* by which a man and woman unite for life, with mutual intent to observe towards society and each other those duties which result from the relation of husband and wife, and actually enter upon and fulfill those duties precisely as they would be fulfilled if solemnized under the other forms of marriage. In the ascertainment of the truth as to such marriages, the jury should be well satisfied that all the elements named in such marriage actually existed, and that it was not merely an illicit and adulterous cohabitation. It was contended on the argument that where parties live together as husband and wife, that the law presumes their relations legal. The law presumes that every man performs all his legal and social duties, and that he is innocent of any violation of the penal laws of the land. But marriage arises and exists in contract, and it needs to be proved, as other civil contracts where property rights are involved and dependent upon it. This rule is relaxed and presumptions do arise in favor of marriage where parties have lived together in such apparent relation, and after a great lapse of time the offspring thereof are likely to be bastardized. If, however, it should be shown that such relations had their origin in illicit intercourse, no such presumption arises, and to show that it was not continuous requires proof of actual marriage, as before defined.

5. Counsel for plaintiff in error complains that the judge did not instruct the jury as to such testimony as would be sufficient to shift the *onus* of proof. This case, like most others, as presented at different times, put the burden of proof upon the one, and then upon the other of the parties. The burden generally lies on the party who asserts or affirms a fact, and sometimes a negative affirmation is essential, and when it is so, the proof of such negative rests on the party affirming it. The judge must always decide what amount of evidence will change the *onus* and put the burden of proof upon the other side; this however is to be done in such way as not to indicate what has or has not been proved, or to give any expression as to the weight thereof. The objections made seem to be that the judge did not instruct the jury *when* the burden was changed, rather than *what* would be sufficient. The one would intimate an opinion as to the sufficiency of the evidence, whilst the other would instruct as to what evidence, when submitted, would be sufficient.

6. The grounds upon which the court granted a new trial were quite sufficient to have authorized it. Under §3560 of the Code requiring verdicts for the defendant to specify under which plea, if there be more than one, that the same was rendered is imperative, and if the jury find alone upon one, it should so appear; if upon all, it should also appear. Upon a failure so to find they should be remanded to their room to show on what pleas, at the request of counsel, or where the verdict cannot be general on account of the pleas being contradictory, or where they have been misdirected as to their finding. The pleas in this case setting up various defenses, and the omission of the court to instruct, justifies the judge in his grant of a new trial, and particularly so when he has, as he says, upon other and very material questions gone further than is warranted by law, and in which, by our judgment herein set out, we have concurred.

Judgment affirmed.