## WILSON v. ALLEN, executor, et al.

1. On the trial of a caveat to an application for a year's support, involving the issue as to whether or not the applicant is the widow of the deceased, the burden of proof is upon her to show that she was his lawful wife at the time of his death. Where the only proof that she was lawfully married to the deceased is her statement to that effect, coupled with an admission on her part that after the marriage they lived in separate homes and she did not assume his name, no license having been shown for such alleged marriage; and where it appears further from uncontradicted testimony that there was living, at the time she claims to have been married to the deceased, another man to whom she had been lawfully married, the burden of proving a dissolution of this former marriage by divorce is upon her, especially where she admits such former marriage and claims that a divorce was granted her from her former husband by virtue of a suit therefor in the court where the trial of the caveat is being had.
2. When the only legal testimony on the subject relating to the divorce suit consisted of records of the court showing only one verdict for divorce and an entry afterwards made on the docket that the divorce case was dismissed, it was not error for the judge to direct a verdict for the caveators. Even if there was any error in admitting or rejecting evidence throwing no light on this issue, a new trial will not be granted on account of such immaterial rulings.
3. Declarations of the former husband of the applicant and sayings of her attorney that such divorce was granted are not admissible in evidence on her behalf.
4. The fact that the applicant believed that she was legally divorced from her former husband at the time of her marriage to the deceased does not render such marriage valid.

Argued June 1, — Decided July 22, 1899.

Application for year's support. Before Judge Callaway. Richmond superior court. October term, 1898.

*F. E. Obenauf* and *Russell & Rosenfield,* for plaintiff.
*J. S. & W. T. Davidson* and *F. H. Miller Jr.,* contra.

LEWIS, J. Jane D. Wilson filed her application to the court of ordinary of Richmond county, alleging therein that she was the widow of John Lawson Wilson, late of that county, deceased; that he died testate August 18, 1897; and that she desired to have set apart and assigned to her, either in property or money, a sufficiency from the estate of her said husband for the support and maintenance of herself for the space of twelve months from the date of administration. She alleged further that Charles B. Allen had been duly appointed executor of said

estate. Commissioners were appointed as prayed for, who set aside to her the sum of $2,000 in cash, the money to be realized from the cash in the hands of the executor. To this application a creditor of the testator, and also the executor, filed objections on various grounds, one of which was that the applicant was not entitled to a year's support from the estate of the testator, because she was not the widow of the deceased, John Lawson Wilson, no valid and legal marriage ever having taken place between them. The case was appealed from the court of ordinary to Richmond superior court, and a jury impaneled to try the issues involved. After the testimony had been concluded on both sides, the judge directed the jury to return a verdict in favor of the caveators and against the right of the applicant to a year's support, and such a verdict was accordingly rendered. To this direction given by the court, as well as to various rulings made in the progress of the trial, plaintiff in error excepts. On the trial of the case the applicant introduced in evidence in her own behalf her application to the court of ordinary for a year's support from the estate of the deceased, John Lawson Wilson; also the order of the ordinary appointing the commissioners, and the return of a majority of the commissioners, setting aside to her $2,000 as a year's support; and here rested her case. Caveators introduced evidence which, briefly stated, shows the following facts: On December 22, 1865, the applicant, as Jane D. Odom, married William P. Royal. On March 10, 1873, as Jane D. Royal, she was married to James R. Ellison. On December 20, 1878, as Jane D. Ellison, she was married to John M. Kelly. Proof was also introduced showing that John M. Kelly was married three times, and that he died on February 22, 1898, in a hospital in Augusta, Georgia. Caveators then introduced a certified copy of a petition for divorce, filed September 30, 1884, to the October term, 1884, of Richmond superior court. The petition was by John M. Kelly against Jane D. Kelly, on the ground of adultery, with entries thereon by the sheriff of personal service on Jane D. Kelly on October 3, 1884. They also introduced a certified copy of a verdict of a jury, finding a total divorce for the plaintiff in that case on October 28, 1885,

and a copy of entries upon the docket in the divorce case as follows: "J. M. Kelly vs. Jane D. Kelly. No. 55, October term, 1884. First verdict, October term, 1885. Dismissed." Caveators then introduced witnesses who swore that they had examined the minutes and records of the court and could find no second verdict. The applicant testified that she married John Lawson Wilson (the deceased) July 26, 1886, and that she lived with him as his wife and sustained the relation of wife to him up to the time of his death, August 18, 1897. Other people knew she was married to him. The last time she heard of John M. Kelly was about the middle of May, 1886, and she heard then that he was married. She never thought of him after that. She admitted that after her alleged marriage to Wilson she went under the name of Mrs. Ellison, because Wilson wanted her to do so, and that Wilson only came to her house at times. His washing was carried to his room on Reynolds street. At first he did not keep all his clothes at the house, because, he said, he did not want his marriage known. (An intimate acquaintance of the deceased had testified for the caveators that he knew nothing of Wilson's marriage to the applicant up to the time of his death.) The attorney for the libellant in the divorce case testified to a want of recollection about the divorce proceedings; that he could not have told Mrs. Wilson that she was entitled to marry unless there was a second verdict; that he did not remember telling her any such thing, and if he did, she must have had a second verdict; that he did not remember having any conversation with her on the subject.

1, 2. As a general rule of law, it is necessary for a party occupying the position of a plaintiff seeking relief in court to prove all the allegations he makes, the truth of which is necessary to establish the right to the relief sought. One of the material and absolutely essential facts alleged in this petition for a year's support, necessary to entitle the applicant to such support from the estate of the decedent, is that she is his widow. It would seem, then, that the burden of proving this allegation is necessarily upon her, especially when a caveat is filed by any one interested in the estate, denying this allega-

tion in the petition.. The only way to establish this fact is by showing that she was the lawful wife of the testator at the time of his death. Measured by this rule, we doubt very much, considering all the testimony introduced by the applicant in her own behalf, without regard to the other evidence in the case, whether she really made out a prima facie case. It is true she testified that she married the deceased, and that the relation of husband and wife existed between them; but it further appears from her testimony that she retained her former name after marriage, and that she did not occupy the same house with him as is usually the case with people occupying this relation in society. But this case seems to have been tried upon the idea that testimony showing that a year's support had been set aside by commissioners appointed by the ordinary made out a prima facie case for the applicant on all the points at issue. The commissioners, however, were not appointed to pass upon the issue of marriage, but simply to set aside a reasonable support out of the estate to the applicant. We think, therefore, that their report is only prima facie true as to the correctness of the amount returned by them for such support. That question, however, is not directly made by this record, and we only allude to it as an element of weakness in the plaintiff's cause. The other evidence in the record, so far as the same relates to material and vital issues which necessarily control the right of the plaintiff to recover, is absolutely without any contradiction. It was shown in this case that there was living, at the time of the alleged marriage between the applicant and the deceased testator, a former husband of the applicant, to whom she had been lawfully married. This former marriage was proved by the license issued by the proper authority, and evidence showing that the ceremony was performed by one legally authorized to render the service. In fact the applicant herself did not deny the legality of the marriage, but sought to justify her conduct in marrying during the lifetime of her former husband by claiming that she had been divorced from him. Manifestly, then, the burden, under the circumstances of this case, was upon her to prove such a dissolution of the former marriage. Divorce proceedings are

matters of court record.    There can be no suit nor verdict nor decree that is not required to be placed upon the records of the court where the suit is brought.    In the case of *Clark* v. *Cassidy*, 62 *Ga.* 408, it is decided ,that, "When a marriage has been proved, the relation is presumed to exist until evidence of its dissolution by divorce or death, and the party asserting the dissolution must prove it.    Knowledge of the former marriage by the innocent party to the second marriage is not requisite to render void the second marriage."

But it is contended for plaintiff in error that the proof shows that Kelly was married twice before his marriage to the applicant, and therefore, no dissolution of his former marriages being shown, the presumption is his marriage to plaintiff was void; and hence she was at liberty to marry deceased.    There is also proof in the record that plaintiff was married twice before she married Kelly; and there being no evidence of the dissolution of her first marriage, the same rule of presumption, if correct, would still render her last marriage to Wilson, the deceased, void.

It necessarily follows from what we have said above, that the highest evidence that a divorce has been granted is a certified transcript from the records of the court where the verdicts of the jury and the decree of the court were rendered in the case. In the case cited above, in the sixth headnote, it is further ruled that "A verdict of divorce rendered in 1866 is not sufficient to authorize the guilty party to marry again, without the production of proof of a decree of the court establishing the right to marry again."    In the same case when it was here a second time (64 *Ga.* 662), it was decided that "The proceedings of courts of record are to be ascertained from the minutes kept by the clerks thereof, signed and approved by the judge.    Parol evidence is therefore inadmissible to establish that a certain decree was rendered, when collaterally in question in the court of its rendition; much more so in another and different tribunal."    It was further decided in the same case that even two verdicts, without a decree entered thereon, did not render the parties thereto competent to enter into another contract of marriage. In the case at bar, instead of there being any proof from the

records of a divorce, the proof was directly to the contrary. One verdict was shown; but the entry of dismissal upon the docket, in the absence upon the record of anything to the contrary, to say the least of it, furnishes presumptive evidence that the case was abandoned after the first verdict.

3. Among the grounds of error alleged in the bill of exceptions are those relating to rulings of the court excluding from the jury declarations of the applicant's former husband, and also of his attorney, that a divorce had been granted to her as defendant in the divorce suit. The court was manifestly right in excluding this testimony, in the first place as hearsay, and in the second place because there was higher evidence as to whether or not such divorce had been granted. The only legal testimony, therefore, that appears in the brief of evidence, or that was even offered in evidence, clearly showing that at the time of this alleged last marriage to the deceased this applicant then had a living husband from whom there was no proof whatever that she had ever been divorced, and on the contrary the proof actually showing that there was a failure to obtain the divorce which was sought, it necessarily follows that the last marriage was absolutely void, and the facts demanded a verdict for the caveators.

Other errors are alleged in the bill of exceptions, relating to the introduction of testimony, but as none of them bore upon the vital issues of the case, and could in nowise have affected the legal proof that had been introduced, the errors, if any existed, were entirely immaterial.

4. The fact that the applicant believed that she was divorced, and honestly entertained the opinion when she was married to the testator that she was legally his wife until the time of his death, does not, of course, render the marriage valid. Such may be a defense in the case of a prosecution for bigamy, upon the idea that owing to a mistake of fact there was no intention upon the part of the accused to commit the crime; but the civil rights insisted on in this case depending, as they do, upon the issue as to whether there had been a lawful marriage with the party claiming to be the widow of the deceased, her knowledge or want of knowledge can have nothing to do with the

question.   As before seen, this principle was directly decided in the case of *Clark* v. *Cassidy*, 62 *Ga.* 408.   Justice Jackson in his opinion in that case, on page 412, says: "Nor does it matter that the innocent party to the second marriage was ignorant of the first; the second was void if either was married to another when the second was contracted, so far as the parties themselves are concerned."   It will be seen from the facts of that case that the alleged husband was claiming as heir to his wife, and that therefore he had title to certain property that belonged to her estate.   There was a conflict in the evidence as to whether they were ever lawfully married.   The principle ruled, that the knowledge of the parties had nothing to do with the issue, it will be readily seen is directly applicable to this case.

*Judgment affirmed.   All the Justices concurring.*