HARDEMAN *v.* HARDEMAN.

*Travis & Travis,* for plaintiff in error.

*Minor Dempsey* and *Ulmer & Dowell,* contra.

GILBERT, J.  This suit was brought for the recovery of alimony by one alleging herself to be the common-law wife of the defendant. There was a verdict finding that "the defendant is married to the plaintiff by common law," and an allowance of alimony.  A motion of the defendant for a new trial, on the general grounds, and on several grounds of amendment, was overruled, and he excepted.

The petitioner testified that previously to the alleged common-law marriage with the defendant she had been married, but that as to this prior marriage she had been divorced.  She did not offer other evidence of the dissolution of the prior marriage.  The plaintiff in error insists that this oral testimony was not sufficient to show the dissolution of the prior marriage, and that a new trial should have been granted under the general grounds of the motion. Where necessary to be stated, the headnotes show sufficiently the nature of the errors complained of in the special grounds of the motion for new trial.

■ It is shown from the brief of evidence that petitioner admitted she had been married previously to her meeting with the defendant, with whom she claims a common-law marriage.  Nothing else appearing, the presumption is that she continued to be married, and ineligible to contract a second marriage.  The only evidence contained in the record tending to show that her ineligibility had been removed was parol evidence by herself that she had been divorced.  In a case of this kind, where the testimony is in sharp conflict, and where, even if the ineligibility did not exist, the evidence is close on the question of the creation of the common-law marriage, the rules of evidence should be strictly enforced. "When a marriage has been proved, the relation is presumed to exist until evidence of its dissolution by divorce or death, and the party asserting the dissolution must prove it." *Clark* v. *Cassidy,* 62 *Ga.* 408 (4).  "The proceedings of courts of record are to be ascertained from the minutes kept by the clerks thereof, signed and approved by the judge.  Parol evidence is therefore inadmissible to establish that a certain decree was rendered when collaterally in question in the court of its rendition; much more so in

another and different tribunal." *Clark* v. *Cassidy,* 64 *Ga.* 662 (2). See, to the same effect, *Wilson* v. *Allen,* 108 *Ga.* 275 (33 S. E. 975); *Neely* v. *Tenn., Ga. & Ala. R. Co.,* 145 *Ga.* 363, 365 (89 S. E. 325, L. R. A. 1916F, 819). No cause is shown why the proceedings of the court of record wherein the divorce was said to have been granted were not produced on the trial of this case and introduced as evidence. Moreover, it does not even appear where the divorce was procured; in what State or county or court. Nor does it appear whether the divorce, if granted, was upon personal service or substituted service on the defendant. The latter facts were peculiarly important in order that this court might determine whether or not the alleged divorce was valid and binding in this State. See, in this connection, *Neely* v. *Tenn., Ga. & Ala. R. Co.,* supra. The importance of such proof is illustrated by the decisions in *Cochran* v. *Cochran,* 173 *Ga.* 856, 859 (162 S. E. 99); *Dicks* v. *Dicks,* 177 *Ga.* 379 (170 S. E. 245). It follows that the petitioner failed to carry the burden of proof on the question of her eligibility to contract marriage with the defendant. Without eligibility to contract such marriage the whole case in her behalf falls. The court therefore erred in refusing to grant a new trial on the general grounds.

The remaining headnotes do not require elaboration.

*Judgment reversed. All the Justices concur.*