31448. ELLISON *v.* AIKEN, administrator.

542

DECIDED NOVEMBER 26, 1946.

*Mildred Kingloff, Allen, Harris & Henson,* for plaintiff.

*Sam G. Dettelbach,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) ■ The general grounds of the motion for a new trial are not argued or insisted upon in the brief of counsel for the plaintiff in error. But we have carefully examined the record, and the evidence is sufficient to support the verdict.

■ In special ground 1 of the motion, complaint is made on the refusal of the judge to allow the plaintiff to testify, over the objection of the defendant that she was an incompetent witness to testify as to conversations with the deceased, that she had an agreement with the deceased whereby they agreed that they would be husband and wife and would live together as such. Under the provisions of the Code, § 38-1603 (1), where any suit is defended by the personal representative of a deceased person, the opposite party shall not be permitted to testify in his or her own favor as to transactions or communications with the deceased person. *Rainey* v. *Moon,* 187 *Ga.* 712, 718 (2 S. E. 2d, 405). Also see *Wilder* v. *Wilder,* 138 *Ga.* 573 (75 S. E. 654) ; *Hill* v. *Pritchett,* 182 *Ga.* 499 (185 S. E. 832). The fact that the plaintiff's counsel stated that the evidence was offered solely for the purpose of explaining her conduct did not make her a competent witness or the evidence admissible; and the trial judge did not err in refusing to allow the testimony or in overruling special ground 1.

■ In special ground 2, the plaintiff in error contends that the court erred in refusing to allow her to testify, over objections of the defendant in error, that she had been granted a divorce from a former husband. The parol testimony of the plaintiff was not admissible to show that a former marriage had been dissolved by divorce, and the trial judge did not err in so holding. In this connection, see *Clark* v. *Cassidy,* 64 *Ga.* 662; *Wilson* v. *Allen,* 108 *Ga.* 275 (33 S. E. 975) ; *Whigby* v. *Burnham,* 135 *Ga.* 584 (3)

(69 S. E. 1114); *Hardeman* v. *Hardeman,* 179 *Ga.* 34 (175 S. E. 9). The judge did not err in overruling special ground 2 of the motion for a new trial.

■ Error is assigned in special ground 3 on the sustaining of a motion by the defendant to exclude the testimony of a witness, that the plaintiff came to him and introduced herself as the wife of the deceased, on the ground that such testimony was in the nature of a self-serving declaration. The judge did not err in excluding the testimony. The declarations of the plaintiff in her own behalf, not made in the presence of the deceased, were mere self-serving declarations and were objectionable as hearsay. In this connection, see *Flournoy* v. *Williams,* 68 *Ga.* 707 (2); *Rainey* v. *Eatonton Co-operative Creamery,* 69 *Ga. App.* 547 (10) (26 S. E. 2d, 297). The trial court did not err in overruling special ground 3.

■ Complaint is made in special ground 4 on the action of the trial judge in asking the administrator several questions while on the witness stand. In answer to these questions, the administrator testified in substance that he had been administrator of the estate since the death of the deceased; that the estate consisted principally of real estate, which had not been appraised; that he was under a $4000 bond as such administrator; and that the deceased was not survived by children but was survived by half-brothers and sisters. The plaintiff objected to the court questioning the witness, and moved to exclude the testimony on the grounds that it was irrelevant and immaterial and was prejudicial to the plaintiff, in that the issue before the jury was whether or not the plaintiff was the common-law wife of the deceased at the time of his death, and the testimony of the administrator introduced a theory and issue in the case not made by the pleadings. There is no merit in this ground of the motion. A trial judge may propound questions to a witness to develop fully the truth of the case, and the extent of such examination is a matter within the discretion of the court. *Bank of Commerce* v. *First National Bank,* 32 *Ga. App.* 410 (123 S. E. 736). Even if the testimony elicited by the court in the present case could be said to be irrelevant, it does not appear that such testimony was harmful to the plaintiff or that the trial judge abused his discretion in questioning the witness, who was the party defendant in the action. The court did not err in overruling special ground 4 of the motion.

■ In special ground 5, error is assigned on the following charge: "As to this, I charge you that, while it is the rule that cohabitation, illicit in its inception, will be presumed to have so continued throughout the period of cohabitation, yet if, after the disability of the parties has been removed by death or otherwise, the cohabitation is continued, and the parties thereafter hold themselves out as man and wife, if the original illegal cohabitation was had in the absence of an attempted ceremonial marriage, a new and valid agreement of marriage will be presumed to have been entered upon, in the absence of anything appearing to the contrary; and if such illegal original cohabitation was in pursuance of an abortive ceremonial marriage, the continued cohabitation as man and wife after the disabilities have been removed will, in the absence of anything appearing to the contrary, cause the original declaration of intent to be treated as continuing. I charge you that, if you find from the evidence that from the inception of whatever relationship that existed between the plaintiff and the deceased it was meretricious, clandestine, and illicit, and such relationship continued after the death of the plaintiff's husband and until the death of Ellison, without change, you would not be authorized to find a verdict in favor of the plaintiff," upon the grounds that this charge was an instruction to the jury that a marriage invalid in its inception can not be rendered valid because of the removal of the inhibitions existing at the time the relationship began, and that it was not a correct statement of law because it instructed the jury that the illegal aspects of the relationship could not be made legal simply by the disappearance of the causes which rendered the marriage contract invalid. The charge was not subject to the criticism directed against it. In this connection, see *Drawdy* v. *Hesters*, 130 *Ga.* 161 (60 S. E. 451, 15 L. R. A. (N. S.) 190). Under the facts of this case and the entire charge given to the jury, the instructions complained of were not error for any reason assigned; and the trial judge did not err in overruling special ground 5 of the motion.

■ It follows, therefore, that the trial court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*