## 70629. CALLOWAY v. THE STATE.
(337 SE2d 397)

BEASLEY, Judge.

On December 14, 1984 Marvin Calloway was convicted of criminal trespass, burglary, simple battery, and false imprisonment. All charges involved Dorothy Bell Calloway.

1. Defendant first enumerates that the trial court erred in denying his motion for mistrial following a police officer's testimony as to statements made by defendant while in police custody, such statement not having been turned over to defendant upon his request under OCGA § 17-7-210. In setting the context in which defendant's written statement was obtained, the officer first testified that the *Miranda* rights were explained. Then she was asked to explain her procedure in taking the written statement. She said: "Well, first, I attempted to establish some sort of rapport with the defendant asking

him about his family, about the problems he and his wife were having, about his drug and alcohol problems, and then eventually asking him 'if he would tell me about what specifically happened when he went to his ex-wife's apartment." Defendant contends that the officer's reference to drug and alcohol problems infers that defendant himself made a statement to the effect that he had such problems which "tends to show that Appellant has committed a crime that is not charged in the indictment."

"[T]hose parts of oral statements required to be furnished must be relevant, material, and of an inculpatory cast." *Howell v. State*, 163 Ga. App. 445, 448 (4) (295 SE2d 329) (1982).

Defendant's enumeration fails for the following reasons: First, having an alcohol problem is not a crime, and thus it is not inculpatory. Moreover, various references were made at trial, without objection, to defendant's alcohol problem. It was not an issue. Defendant himself testified about his drinking, his DUI arrest, and his treatment at drug and alcohol abuse centers. Likewise, having a drug problem does not ipso facto involve crime; one may abuse or be addicted to an over-the-counter or prescription drug. Second, the statement complained of here was the officer's and not defendant's. It is what *she* asked defendant about, not what he stated and not necessarily based on anything he said; it was her characterization of a perceived condition. No evidence was admitted through the officer's testimony regarding any oral statement by defendant which was not already in the possession of defendant pursuant to his OCGA § 17-7-210 request. Third, OCGA § 17-7-210 restricts the admission into evidence of only those statements by defendant which are material and relevant to defendant's guilt or innocence of the crime(s) for which he is charged. See *Howell*, supra. Alcohol and drug problems, even if they encompassed crimes, are not relevant and material to defendant's guilt or innocence of the charges faced at trial. Finally, even if the officer's description of their preliminary conversation was based on subjects brought to her attention in part by what he said, and even if it was relevant, material and inculpatory, his triggering statement was not introduced and thus OCGA § 17-7-210 was not violated. See *Hilburn v. State*, 166 Ga. App. 357, 359 (3) (304 SE2d 480) (1983).

Any conceivable error in this regard was allayed by the trial court which, in an abundance of caution, instructed the jury to disregard any statement that the officer made except insofar as it explained her routine and "to disregard the statement insofar as content is concerned." It then clarified this instruction by stating that the jury should disregard all statements made by the defendant except those contained in the written statement made by defendant and read by the officer. Therefore the admission of such statements could not have affected the outcome of the trial.

In these circumstances, the denial of a mistrial was not an abuse of discretion, and that it must be before a defendant is entitled to the award of a new trial by this court. *Clark v. State,* 159 Ga. App. 136, 137 (1) (282 SE2d 752) (1981).

2. Defendant next asserts that the trial court erred in denying his motion for mistrial following the testimony of a court-appointed psychiatrist as to statements made by defendant while in custody, such statements not having been provided to defendant upon request under OCGA § 17-7-210. The psychiatrist had spoken with defendant in evaluating his competency to stand trial.

Pursuant to his discovery request, defendant was provided a copy of the psychiatrist's report prior to trial. Although the report is not now before us, it apparently included the language, "He [defendant] stated he tied up his wife so she would not call the police and he knew what he was doing." Defendant, however, complains that the psychiatrist testified at trial to a statement not included in the report and not provided prior to trial. Specifically, defendant objects to the testimony, "He [defendant] said that he was over at his ex-wife's house and she wanted him to leave . . . ," apparently asserting that the term "ex-wife" is inculpatory as to the burglary charge and the "she wanted him to leave" phrase is inculpatory as to the false imprisonment charges. Since we reverse the burglary charge for another reason, we need not address that evidentiary issue.

With regard to the challenged testimony "she wanted him to leave," defendant asserts this statement affected his credibility before the jury since he later testified at trial that the victim never asked him to leave her apartment.

The psychiatrist was merely paraphrasing the report and not quoting the defendant as to anything over and above it. There was no OCGA § 17-7-210 violation. Furthermore, defendant had in his possession a copy of a statement that he had given police which was not dissimilar. The statement in part read, "I . . . tied her to the bed . . . [she then said] 'Marvin why you doing this.' She didn't try to stop me though. I got into the bed, but couldn't go to sleep because I thought she was going to try to leave or call the police. . . ." Even in this statement, defendant acknowledged that he was not in the apartment with her acquiescence and she was not being held voluntarily.

Moreover, once again the trial court issued cautionary instructions: "[D]isregard the previous answer by the witness and completely obliterate it from your mind and give it absolutely no consideration in this case."

The trial court did not err in denying defendant's motion for mistrial.

3. Defendant contends that the trial court erred in allowing, over objection, the victim to testify that she and defendant were divorced

without introducing a certified copy of the divorce decree in violation of the best evidence rule.

OCGA § 24-5-4 has no application where the contents of a writing are not at issue. *Pryor v. State*, 238 Ga. 698, 707 (9) (234 SE2d 918) (1977). " 'It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence of the fact, although there is written evidence thereof, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental.' [Cit.]" *Burke v. State*, 153 Ga. App. 769, 770 (4) (266 SE2d 549) (1980).

Generally the best evidence of a divorce is a divorce decree. See *Wilson v. Allen*, 108 Ga. 275 (33 SE 975) (1899); *Clark v. Cassidy*, 64 Ga. 662 (1880); *Ellison v. Aiken*, 74 Ga. App. 541, 543 (40 SE2d 441) (1946); see also dicta in *Mallette v. Mallette*, 220 Ga. 401, 403 (2) (139 SE2d 322) (1964). This is so in those cases where the existence or content of the divorce decree is at issue. *Mallette*, supra. Here, however, neither the existence nor the content of the divorce decree was at issue. Defendant did not challenge the fact that a divorce decree was issued. Rather, he merely testified that although his wife had informed him that they had gotten a divorce, he "was under the influence that it wasn't legal . . . I don't know whether it was legal or not." This posture was further demonstrated when he was asked on cross-examination how many months he had lived with the victim *since* the divorce; he unqualifiedly responded, "About two and a half years." While defendant may have questioned the legality of the divorce, although he introduced no evidence to this effect, he never challenged its existence nor its content.

The trial court did not err in overruling defendant's objection; the testimony was admissible.

4. Defendant asserts that his burglary conviction must be reversed because the court refused to charge the jury on the law of common law marriage as requested.

Burglary involves entry with intent to commit a felony or theft. OCGA § 16-7-1. The indictment charged the latter. The object of the theft must be "property of another," OCGA § 16-8-2. By definition, "property of another" under Georgia law excludes property belonging to the spouse of an accused or to them jointly. OCGA § 16-8-1.[1] Accordingly, if defendant and the victim were married at the time of the entry, defendant could not have had the "intent to commit a theft" alleged in the burglary count.

---

[1] Compare the Georgia Constitution of 1983, Art. I, Sec. I, Par. XXVII: "The separate property of each spouse shall remain the separate property of that spouse except as otherwise provided by law."

Defendant contended throughout trial that he and the victim were married at the time of the alleged offenses. He asserted that either 1) their divorce was illegal, or 2) if the divorce was legal, he and the victim became married again thereafter under the Georgia law of common law marriage. In either event, it appears that marriage to the victim was his sole defense to the burglary charge.

"It has long been held in this state that '[w]here there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass upon it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial.' [Cits.]." *Griffin v. State,* 154 Ga. App. 261, 264 (3) (267 SE2d 867) (1980).

There was evidence to support Calloway's defense of common law marriage. "[M]arriage may be shown 'by such circumstances as the act of living together as man and wife, holding themselves out to the world as such, and repute in the vicinity and among neighbors and visitors that they are such, and indeed all such facts as usually accompany the marriage relation and indicate the factum of the marriage. The evidence in each case is for the jury . . .'" *Murray v. Clayton,* 151 Ga. App. 720, 721 (2) (261 SE2d 455) (1979). See also *Simeonides v. Zervis,* 127 Ga. App. 506, 508 (3) (194 SE2d 324) (1972). Here defendant, repeatedly identifying the victim as his wife, testified that he and the victim lived together at two locations in the Atlanta area for two and one-half years after their 1981 divorce. The victim herself testified that defendant lived with her for a while in Atlanta while they attempted a reconciliation. One witness testified that she had met defendant when he came to church with the victim and that the victim had introduced him as her husband.

Thus, because there was evidence to support his sole defense to burglary, it was reversible error not to charge the law of common law marriage.

The state, citing *Wilson v. State,* 168 Ga. App. 269 (308 SE2d 572) (1983), counters that there was no error in refusing to give the charge because this defense was factually inconsistent with the main defense. The main defense, it contends, was that the divorce was illegal, therefore the ceremonial marriage was never terminated. The sole defense was marriage, whether it be through common law or undissolved ceremonial status. Moreover, even if we were to adopt the state's position that two defenses were presented, the illegal divorce defense was not the "main defense." Defendant offered no evidence to support his assertion that the divorce was illegal. In fact, as stated previously, defendant testified that he did not know whether the divorce was legal or not.

Even if we view defendant's theory of the case as constituting two alternative defenses, as the state does, it would still be error to refuse to give the requested charge. *Wiseman v. State*, 249 Ga. 559, 560-61 (5) (292 SE2d 670) (1982).

Defendant's burglary conviction must be reversed. His convictions of criminal trespass, simple battery and false imprisonment are affirmed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 23, 1985 —
REHEARING DENIED NOVEMBER 1, 1985 — ▮

*William C. Puckett, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Robert M. Coker, Susan Brooks, Assistant District Attorneys*, for appellee.