## S99A1679. COTTON v. COTTON.
(528 SE2d 255)

CARLEY, Justice.

John and Florence Cotton were divorced in 1986. The final divorce decree, which incorporated a settlement agreement, awarded Ms. Cotton alimony of $2,500 per month until her death or remarriage. In 1996, Mr. Cotton sought a downward modification of his alimony obligation. Prior to trial, Ms. Cotton made a motion in limine to exclude the original divorce decree from evidence. The trial court granted the motion, and also excluded any testimony, or evidence or argument as to the aggregate amount of alimony paid by Mr. Cotton over the years. Although the jury reduced Mr. Cotton's monthly obligation to $1,950, he filed an application for discretionary appeal, which we granted in order to address the trial court's rulings.

1. The merits of Ms. Cotton's entitlement to receive alimony until her death or remarriage is not a material issue here, as the 1986 divorce decree establishes her right in that regard. In accordance with OCGA § 19-6-20, the only relevant inquiry is whether the subsequent income and financial status of either Mr. or Ms. Cotton have changed so substantially as to authorize a downward revision in monthly alimony of $2,500. The original divorce decree is certainly relevant to this question, however, since that document constitutes the very award which Mr. Cotton now seeks to have modified. "The purpose of a modification action is to decide whether the *existing* alimony or child support comports with the current financial circumstances." (Emphasis supplied.) *Howard v. Howard*, 262 Ga. 144, 145

(1) (414 SE2d 203) (1992). Because the controlling terms of Mr. Cotton's existing alimony or child support obligation are established by the original 1986 decree, that document is the very essence of this modification action. "[U]ntil the parties' divorce decree is so modified it remains a valid judgment binding on the parties and enforceable according to its terms. [Cits.]" *Kight v. Kight*, 242 Ga. 563, 565 (3) (250 SE2d 451) (1978), overruled on other grounds, *Perteet v. Sumner*, 246 Ga. 182, 183 (269 SE2d 453) (1980). The question presented for resolution is, therefore, whether a trial court presiding over a modification action errs in refusing to allow the introduction into evidence of that previous judgment.

"Divorce proceedings are matters of court record. There can be no suit nor verdict nor decree that is not required to be placed upon the records of the court where the suit is brought." *Wilson v. Allen*, 108 Ga. 275, 278-279 (1, 2) (33 SE 975) (1899). "The proceedings of courts of record are to be ascertained . . . by the recording of all matters judicially considered, and disposed of by the order or judgment of the court." *Clark v. Cassidy*, 64 Ga. 662, 664 (2) (1880). Thus, when the existence and terms of a previous divorce decree are material to the resolution of a subsequent proceeding, parol evidence is inadmissible as proof thereof. *Hardeman v. Hardeman*, 179 Ga. 34, 36 (1) (175 SE 9) (1934). Therefore, where, as here, an action related to alimony is premised upon a prior judgment of divorce, that document "*must* be shown by court records. Parol evidence for that purpose is inadmissible." (Emphasis supplied.) *Hardeman v. Hardeman*, supra at 34 (1). To show the existence and contents of the judgment, it is "necessary to put in evidence . . . a properly authenticated copy of the judgment itself." *Little Rock Cooperage Co. v. Hodge*, 112 Ga. 521, 526 (1, 2) (37 SE 743) (1900). "A judgment *shall be admissible* between any parties to show the fact of the rendition thereof; between parties and privies it is conclusive as to the matter directly in issue, until reversed or set aside." (Emphasis supplied.) OCGA § 24-4-42.

Accordingly, the trial court erred in granting the motion in limine. The error was not harmless, as, in the absence of the 1986 divorce decree, there is insufficient evidence to authorize any viable verdict and judgment in this modification action. See *Hardeman v. Hardeman*, supra at 37 (1).

2. Unless and until modified, the 1986 divorce decree is res judicata as to Mr. Cotton's obligation to pay monthly alimony in the amount of $2,500. "Retroactive modification of an alimony obligation would vitiate the finality of the judgment obtained as to each past due installment. . . . [A] judgment modifying an alimony obligation is effective no earlier than the date of the judgment." *Hendrix v. Stone*, 261 Ga. 874, 875 (1) (412 SE2d 536) (1992). Therefore, the

aggregate amount of alimony paid by Mr. Cotton pursuant to the 1986 divorce decree cannot be used to make a collateral attack upon the size of the previous award of alimony or to obtain a credit against future payments based upon the amount of alimony previously paid. The only relevant inquiry is whether Mr. Cotton's obligation for future alimony payments to Ms. Cotton should be reduced because of a substantial change in his or her income and financial status occurring after 1986. OCGA § 19-6-20. Whether the amount of monthly alimony should be diminished and, if so, by how much are issues which can only be determined on the basis of changed economic circumstances, and not because of the amount that Mr. Cotton has *already* paid under the terms of the original decree. Although we can envision circumstances wherein the amount of previously paid alimony might be admissible in a modification action, such evidence was not relevant in this proceeding. Thus, the trial court properly refused to allow Mr. Cotton to introduce evidence as to the total amount of his past alimony payments.

3. Because the jury was aware of the amount of alimony payable to Ms. Cotton monthly, it easily could calculate the entire sum received by Ms. Cotton since 1986. However, a trial court is authorized to require counsel to eliminate from argument a reference to matters which are unnecessary for the jury to consider. *Bradford v. Parrish*, 111 Ga. App. 167, 170 (2) (141 SE2d 125) (1965). Because this is a modification action in which the total amount of previously paid alimony was not relevant, the only effect it could have had was to prejudice the jury against Ms. Cotton and induce it to reduce the obligation for alimony below what it would otherwise have done. Therefore, the trial court did not err in its order limiting closing argument. See generally *Southern R. Co. v. Barlow*, 104 Ga. 213, 219 (5) (30 SE 732) (1898).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 27, 2000.

*Davis, Matthews & Quigley, Richard W. Schiffman, Jr., Kurt A. Kegel*, for appellant.

*Kenneth I. M. Behrman, Kenneth H. Schatten*, for appellee.