S03A0126. HULETT v. SUTHERLAND.

(581 SE2d 11)

FLETCHER, Chief Justice.

We granted Cindy Hulett's application to appeal the trial court's denial of her motion for an upward modification of child support. Because the trial court erroneously considered and relied upon evidence that contradicted the factual findings in the final judgment, we reverse and remand.

Cindy Hulett and Donald Sutherland were divorced in 1997 and the final decree and judgment of divorce incorporated their settlement agreement. The parties agreed to joint legal custody of their four-year-old daughter, with Hulett having primary physical custody, and Sutherland paying $450 per month in child support. The final decree states that the "court finds as follows: the gross income of [Sutherland] is approximately $4,000 per month." The decree also found the existence of several special circumstances, including that Sutherland would pay for the daughter's private school tuition through high school, and ordered a downward departure from the guidelines to award $450 per month in child support, the amount agreed upon by the parties.

In 2002, Hulett brought a petition for upward modification of child support based on Sutherland's increased income and the fact that their daughter was no longer in private school; Sutherland counterclaimed and sought a downward modification. At the hearing on

her petition, Hulett relied upon the final decree that showed Sutherland's annual income in 1997 to be $48,000 and presented current tax returns and pay stubs showing Sutherland's income in 2001 to be approximately $74,500. The trial court, however, relied upon 1996 and 1997 tax returns and found that Sutherland's income in 1997 was $81,500, rather than the $48,000 stated in the final decree. Relying on Sutherland's representation of his income in 1997, the trial court held that Hulett had not shown a substantial increase in husband's income or financial status to authorize an upward modification and denied the petition. The trial court also denied Sutherland's counterclaim for a downward modification. That ruling is not before the Court.

OCGA § 9-12-40 provides that "[a] judgment . . . shall be conclusive between the same parties . . . as to all matters put in issue . . . until the judgment is reversed or set aside." Divorce decrees are no exception to this rule.[1] Sutherland contends that because the parties' settlement agreement did not contain any reference to his income, his income was not put in issue, and the trial court was not bound by the figure in the final judgment. The trial court's final decree, however, expressly contained a finding regarding income. This finding is in compliance with OCGA § 19-6-15 (a), which requires a trial court to include a "written finding of the gross income of the father and the mother" in any final decree of divorce in which minor children are involved. Because the final decree has not been reversed or set aside, the trial court's finding that Sutherland's income was $48,000 is conclusive. Therefore, the trial court was without authority to allow Sutherland to re-litigate a matter that had been finally decided. Accordingly, we reverse the denial of the petition and remand for the trial court to consider whether there has been a substantial change in Sutherland's income or financial status to authorize an upward modification of child support since the last determination of his income in 1997.[2]

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 19, 2003.

*John C. Cotton*, for appellant.
*Roberts, Rainwater & Ingram, David N. Rainwater*, for appellee.

---

[1] See *Cotton v. Cotton*, 272 Ga. 276, 277 (528 SE2d 255) (2000).
[2] See *Perry v. Perry*, 213 Ga. 847, 852 (102 SE2d 534) (1958) (modification authorized by showing change in income *or* financial status).