## 75926. WRIGHT v. THE STATE.
(370 SE2d 160)

McMURRAY, Presiding Judge.

Defendant was convicted of armed robbery and sentenced to life imprisonment. His motion for new trial was overruled and he appeals. *Held*:

1. In his first enumeration of error, defendant contends the victim's in-court identification testimony was admitted improperly because the pre-trial photographic identification procedure was impermissibly suggestive. In this regard, defendant points out that his name was written on the back of his photograph. This enumeration is without merit. The victim viewed 11 photographs of males of the same race and appearances similar to defendant. She did not know defendant's name and did not turn the photographs over. She identified defendant as the perpetrator after looking at the photographs for

about five minutes. It cannot be said that the photographic lineup was impermissibly suggestive. See *Thomas v. State*, 176 Ga. App. 53, 57 (7) (335 SE2d 135).

2. The investigating officer was asked on direct examination whether he received a name to match the description of the perpetrator. Over a hearsay objection, the officer was permitted to testify that he received defendant's name. The evidence was admitted to explain the conduct of the officer in the procurement of defendant's picture for the photographic lineup. While the testimony may have been admitted erroneously, *Teague v. State*, 252 Ga. 534 (314 SE2d 910), we find it highly probable that its admission did not contribute to the jury's verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). After all, viewed in context, the officer simply testified that someone thought defendant matched the perpetrator's description, nothing more. Compare *Hart v. State*, 174 Ga. App. 134 (1) (329 SE2d 178). The victim gave similar testimony; and the jury could make such a determination for itself. See *Teague v. State*, 252 Ga. 534, 537 (2), supra.

3. Following the jury's verdict, the trial court inquired whether it could proceed with the sentencing of defendant. Thereupon, defendant was brought forward and asked if he had anything to say before sentence was pronounced. When defendant simply stated he wanted to appeal, the trial court imposed sentence.

Defendant asserts the trial court erred in imposing a life sentence without hearing mitigating circumstances. We find no error in this regard. There is no indication in the record that defendant sought an opportunity to present mitigating evidence or that defendant objected to going forward with the sentencing proceeding. See *Bradshaw v. State*, 145 Ga. App. 664, 665 (1) (244 SE2d 600).

4. Defendant was first tried on June 2, 1987, and a mistrial was declared because the jurors could not reach a verdict. A retrial commenced two days later. In his final enumeration of error, defendant contends the retrial should not have been held during the same term of court as the mistrial. We cannot accept this contention. In the first place, no such objection was raised in the trial court. *Daniels v. State*, 183 Ga. App. 222, 223 (1) (358 SE2d 637). In the second place, defendant has not affirmatively demonstrated harm. *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 20, 1988 —
REHEARING DENIED MAY 10, 1988 —

*William H. Newton III, F. Larry Salmon,* for appellant.
*Stephen F. Lanier, District Attorney, Deborah D. Haygood, As-*

sistant District Attorney, for appellee.