S92A0963. JOHNSON v. THE STATE.
(421 SE2d 70)

FLETCHER, Justice.

On November 9, 1991, Victor Franklin Johnson shot and killed Johnny Lee Gary.[1] As a result of the incident, Johnson was convicted of murder, possession of a firearm during the commission of a crime, aggravated assault and burglary. The trial court merged the murder and aggravated assault convictions and sentenced Johnson to life imprisonment for the murder, five years imprisonment on the possession charge, and 20 years of probation for the burglary charge. Johnson appeals and we affirm.

1. Count 7 of the indictment returned against Johnson charged him with the burglary of his estranged wife's home, alleging that:

on or about the 9th day of November, 1991, in the County

---

[1] Johnson was indicted on January 8, 1992. Trial began on February 10, 1992 and he was convicted on February 12, 1992. Johnson's sentences were entered on March 18, 1992. His notice of appeal was filed on April 7, 1992. The case was docketed in this court on May 20, 1992 and was submitted for decision without oral argument on June 12, 1992.

aforesaid, did then and there unlawfully, knowingly, willfully and intentionally without authority and with intent to commit a felony, to wit Aggravated Assault, therein, enter the dwelling house of another. . . .

Count 8 of the indictment charged Johnson with the aggravated assault of his estranged wife. The jury acquitted Johnson of the aggravated assault charged in Count 8 but convicted him of the burglary charged in Count 7. Johnson argues that those two verdicts were mutually exclusive and that the burglary conviction should be reversed. We disagree.

The evidence established that Johnson suspected that his estranged wife and the victim were having an affair. When Johnson arrived at his wife's apartment early Saturday morning, he believed that the victim was inside the apartment. Accordingly, Johnson took his gun with him as he approached the apartment. He forced his way into the apartment, past his wife who was attempting to prevent him from entering, and went directly into his wife's bedroom where he found the victim stretched out on her bed.

OCGA § 16-7-1 (a) provides, in part:

A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . .

Although Johnson was acquitted of the aggravated assault of his wife, there was evidence to support a finding that when Johnson forced his way past his wife and into her apartment, he had the intent to commit a felony therein, either against her or against the victim. For such action to constitute burglary, it is not necessary that the felony be committed as long as the intent to commit the felony was present.[2] Accord *Roberts v. State*, 252 Ga. 227, 241 (314 SE2d 83), cert. denied, 469 U. S. 873 (105 SC 228, 83 LE2d 157) (1984). As a result, the verdicts as to Counts 7 and 8 of the indictment were not mutually exclusive.

2. Considering the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Johnson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[2] We also note that while Johnson was acquitted of the aggravated assault of his wife, the jury convicted him of both the murder and aggravated assault of the victim. The trial court properly vacated the aggravated assault conviction after ruling that it had merged with Johnson's conviction for the murder of the victim.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 5, 1992.

*Short, Fowler, Bivins & Castellow, James M. Bivens,* for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.