S93A0090. MITCHELL v. THE STATE.
(429 SE2d 517)

HUNT, Presiding Justice.

Larry Jerome Mitchell shot and wounded his former girl friend, Tina Daniel, and shot and killed her then boyfriend, Jerry Butler, with a shotgun. He was convicted of malice murder, felony murder, burglary, aggravated assault, and possession of a firearm by a convicted felon, and sentenced to life imprisonment for malice murder, as

well as terms of years for the burglary, aggravated assault, and possession convictions.[1] He appeals and we affirm in part and reverse in part.

1. Mitchell and Tina Daniel had dated for approximately a year prior to the murder and had a child together. Daniel had broken up with Mitchell several months before the shootings. When Daniel refused Mitchell's request that she get back together with him, stop dating Butler, and marry Mitchell, Mitchell threatened to kill her and Butler. After he broke into Daniel's apartment and shot her and Butler, Mitchell admitted his crimes to several people, including the dispatcher of the sheriff's department. After reviewing the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Mitchell guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mitchell contends the trial court erred by failing to give his requested charge on voluntary manslaughter:[2]

> Whenever a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional it is voluntary manslaughter, which is a lesser included offense of murder.

We disagree.

First, the charge is not an accurate statement of the law because a homicide which is neither justifiable nor malicious could be either accident or felony murder. Moreover, there is no evidence in the record which would authorize a charge on voluntary manslaughter. *Denson v. State*, 253 Ga. 93, 95 (1) (316 SE2d 469) (1984).

3. Mitchell contends the trial court erred by refusing to give his requests to charge regarding a common-law marriage between Mitchell and Tina Daniel. As a defense to the burglary charge, Mitchell claimed he and Tina Daniel were either married or lived together or both, so that, as a matter of law, he could not have entered his apartment "without authority," an essential element of burglary. OCGA § 16-7-1. Mitchell's requests to charge were to the effect that if the

---

[1] The crimes were committed on June 20, 1989, and Mitchell was indicted by the Laurens County Grand Jury on September 5, 1989. In *Mitchell v. State*, 261 Ga. 347 (405 SE2d 38) (1991) we reversed the convictions and sentences following Mitchell's first trial. He was retried November 4-6, 1991, convicted on November 6, 1991, and sentenced on November 27, 1991. (No sentence was imposed on the felony murder conviction.) His motion for new trial, filed December 16, 1991, and amended July 27, 1992, was denied on September 23, 1992. His notice of appeal was filed on October 13, 1992. The appeal was docketed in this court on October 20, 1992, and submitted for decision without oral argument on December 4, 1992.

[2] We did not address the issue of whether the trial court should have charged voluntary manslaughter in our opinion in the first appeal of this case. *Mitchell v. State*, 261 Ga. 347 (405 SE2d 38) (1991).

jury found he and Daniel lived together, or had a common-law marriage, then the jury would be required to return a verdict of not guilty to the charge of burglary. We agree that under the facts of this case, Mitchell was entitled to these charges, and it was error not to give them.

Although the evidence was in conflict on Mitchell's claims that he and Daniel lived together or were married, there was some evidence, including Mitchell's testimony, to support these claims. Since there could be no illegal entry under these circumstances, he was entitled to charges to that effect. *Schirato v. State*, 260 Ga. 170, 171 (2) (391 SE2d 116) (1990), the cases cited therein, and those cited by the state, are not applicable since those cases deal with the determination of the existence of a common-law marriage in the context of the competency of a witness. Competency is determined by the court as a matter of law. OCGA § 24-9-7. Here, however, the question of whether there was a common-law marriage, which would support Mitchell's defense to burglary, was an issue of fact for the jury, as apparently was recognized by the trial court in charging the jury on the elements of a common-law marriage. Nevertheless, the trial court erred in refusing to further charge the jury that a finding that Mitchell and Daniel were living together, or that they had a common-law marriage would require a not guilty verdict to the burglary charge. Because we cannot say this error was harmless, Mitchell's burglary conviction is reversed.

4. We find no merit to Mitchell's remaining enumerations of error.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MAY 24, 1993.

*Henry G. Bozeman*, for appellant.

*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General*, for appellee.