## A94A1593. KENNEDY v. THE STATE.
(450 SE2d 252)

SMITH, Judge.

William Kennedy, Jr., was convicted of the burglary of his estranged wife's home following a jury trial. He appeals, challenging the sufficiency of the evidence to establish that he lacked the authority to enter the premises in question. We are constrained to agree, and reverse.

In *Mitchell v. State*, 263 Ga. 129, 130-131 (3) (429 SE2d 517) (1993), the Supreme Court in effect held that one spouse is per se authorized to enter the dwelling house of the other based upon the fact that they live together *or* based upon the fact of marriage alone. The defendant's specific argument in *Mitchell* was that he and one of the victims (who was attacked in her home) "were either married *or* lived together *or* both." (Emphasis supplied.) Id. at 130. The *Mitchell*

court discounted none of these possibilities as a viable defense.[1] This includes the possibility that defendant and victim had previously cohabitated and established a common-law marriage and that such marriage continued in existence on the date that the alleged burglary occurred, even though they were not actually living under the same roof at that particular time. While there may be facts or circumstances in a given case that would distinguish it from the unambiguous holding in *Mitchell* (such as a restraining order directed to the accused), we find none presented here.

The State defends Kennedy's conviction by arguing that the Supreme Court's opinion in *Mitchell* does not accurately state the law of burglary; that it "reestablish[es] the concept of chattel in respect to spouses"; that to follow *Mitchell* in the manner Kennedy urges "is to condemn modern women to be permanent victims of their spouses"; and that Kennedy's position is otherwise "specious and contrary to the accepted doctrines of property ownership and possession." We recognize the force and merit of these arguments. The State also offers *Johnson v. State*, 262 Ga. 441 (421 SE2d 70) (1992), as contrary authority, although it appears that the issue addressed in *Mitchell* was not considered in that earlier case.

If it were within our discretion to do so, we would readily hold that a legal marriage between estranged spouses is merely one factor for the jury to consider in determining whether one spouse may forcibly enter the *separate* residence[2] of the other with "authority" within the meaning of our burglary statute, OCGA § 16-7-1. If this were the law to be applied, we would have little difficulty in finding that the jury's verdict was authorized under the facts as viewed under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Nevertheless, we are constrained to find that the Supreme Court's holding in *Mitchell* states the law applicable to this case, and we obviously lack the authority to overrule that holding. If the Supreme Court intended a more limited rule than that created by the language in *Mitchell*, then this case may be an appropriate vehicle for clarification.

Since it is undisputed that the premises "burglarized" were the home of Kennedy's spouse, there is no basis upon which this court can affirm the jury's implicit finding that Kennedy entered the premises without authority.

---

[1] "Although the evidence was in conflict on Mitchell's claims that he and Daniel lived together or were married, there was some evidence . . . to support these claims. Since there could be no illegal entry under these circumstances, he was entitled to charges to that effect." *Mitchell* at 131. The State suggests that the actual focus of *Mitchell* was the failure of the court to charge that the defendant could not burglarize his own house. However, we must follow the holding as written and in light of the contentions underlying it.

[2] The State concedes that it is a legal impossibility to burglarize one's own residence.

*Judgment reversed. McMurray, P. J., concurs. Pope, C. J., concurs specially.*

POPE, Chief Judge, concurring specially.

This disturbing result is mandated by the Supreme Court's holding that a married defendant cannot be convicted of burglarizing the home of his or her spouse as a matter of law, even if the couple is no longer living together. See *Mitchell v. State*, 263 Ga. 129 (3) (429 SE2d 517) (1993).

I am tempted to try to distinguish this case on the grounds that the burglarized dwelling was the home of defendant's mother-in-law rather than his estranged wife. As the trial court recognized at the conclusion of the bench trial, however, the evidence did not support this distinction. Moreover, such a distinction might narrow the holding of *Mitchell*, but leave its core unchallenged; and we should not allow this to happen. I doubt that the apparent holding of the third division of *Mitchell* is what a unanimous Supreme Court meant to say, and therefore urge that Court to grant certiorari in this case and clarify or correct that holding.

DECIDED OCTOBER 24, 1994 —
RECONSIDERATION DENIED NOVEMBER 16, 1994 — ▮▮▮▮▮▮

*Mark B. Beberman*, for appellant.
*Spencer Lawton, Jr., District Attorney, John T. Garcia, David T. Lock, Assistant District Attorneys*, for appellee.