A95A1742. SPRATTLING v. THE STATE.
(462 SE2d 461)

McMURRAY, Presiding Judge.

Defendant was found guilty of armed robbery. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in allowing the State to place his character in issue by introducing evidence that the getaway car was a stolen vehicle and was discovered in a parking lot near his home. This contention is without merit as " '(t)he state is entitled to inform the jury of all the circumstances surrounding the commis-

sion of the crime or crimes charged and we find no error in admitting this evidence as part of the res gestae even though it may have incidentally placed . . . defendant's character in evidence.' " *Houston v. State*, 187 Ga. App. 335, 340 (5) (370 SE2d 178). See *Stephan v. State*, 205 Ga. App. 241, 242 (1) (422 SE2d 25).

2. Defendant next challenges the admissibility of his custodial admission that he assisted two accomplices during the armed robbery of the McDonald's restaurant where he was formerly employed by unlocking the restaurant's side entrance. Defendant argues that he was unduly coerced into making this admission.

" 'Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.' *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985)." *Brown v. State*, 259 Ga. 453, 454 (2) (383 SE2d 882). In the case sub judice, Detective M. T. Lance of the Fulton County Police Department testified at a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), that he advised defendant of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694); that defendant indicated a full understanding of these rights; that defendant waived his *Miranda v. Arizona* rights before questioning and that defendant was not threatened, promised any hope of benefit or otherwise coerced during the interrogation process. Detective Lance also testified that defendant appeared to be "alert and sober . . ." during the interrogation. This evidence is sufficient to authorize the trial court's finding that defendant freely and voluntarily gave the custodial admission. See *Bonilla v. State*, 204 Ga. App. 424, 426 (3) (419 SE2d 495).

3. Defendant challenges the sufficiency of the evidence in his final enumeration, arguing that the only evidence against him was his presence at the scene of the crime. This contention is not supported by the record.

Defendant not only admitted to assisting in the armed robbery, but one of his accomplices implicated defendant in the armed robbery. Further, it is undisputed that the getaway car was found in a parking lot near defendant's home and that the object of the armed robbery was defendant's former employer. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of being a party to the crime of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ellis v. State*, 211 Ga. App. 605, 607 (1) (440 SE2d 235).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 21, 1995.

*Rubin, Winter, Rapoport & Hall, Robert G. Rubin, Joseph M.*

*Winter*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Charles E. Rooks, Assistant District Attorneys*, for appellee.