A95A1915. BARRON v. THE STATE.
(465 SE2d 529)

McMURRAY, Presiding Judge.

Defendant Barron appeals his conviction of the offense of simple battery. *Held*:

This case was tried before the state court without a jury. The sole enumeration of error complains that the state court erred by refusing to apply OCGA § 16-3-24 so as to acquit defendant. Defendant's motion for a directed verdict of acquittal, based on this statute and submitted after the close of the state's evidence, was denied. In relevant part OCGA § 16-3-24 (a) provides that "A person is justified in . . . using force against another when and to the extent that he reasonably believes that such . . . force is necessary to . . . terminate such other's . . . tortious or criminal interference with . . . personal property . . . [l]awfully in his possession."

The victim is defendant's former wife. At the time of the incident in question the couple was separated and a divorce pending. Defendant was at the victim's home to visit their children. While defendant was with the children, the victim went to his car and gained possession of a number of items of personal property. When defendant discovered this intrusion, he went to the car. Defendant then used physical force in attempting to recover his personal property.

The trial court correctly determined that the affirmative defense

contained in OCGA § 16-3-24 (a) was not available to defendant under the facts and circumstances of this case. The defense was unavailable because the victim's conduct in taking personal property from the lawful possession of defendant was neither tortious nor criminal interference within the meaning of the statute. Thus, defendant was not justified in using force to regain possession of his personal property.

There was no criminal interference, that is, theft, because the personal property taken by the victim was not the "property of another" within the definition provided by OCGA § 16-8-1 (3) which excludes property of a spouse from the definition of this term. A theft conviction must be predicated on the taking of the property of another. OCGA § 16-8-2 et seq. Cases such as *Mitchell v. State*, 263 Ga. 129 (429 SE2d 517) and *Calloway v. State*, 176 Ga. App. 674 (337 SE2d 397) further demonstrate that the victim could not be convicted of any theft of defendant's personal property.

Similarly, the victim's conduct is not cognizable as tortious interference due to application of the doctrine of interspousal tort immunity. *Stanfield v. Stanfield*, 187 Ga. App. 722 (371 SE2d 265). Even though the defendant and victim lived apart and a divorce was pending, there was no extreme factual situation which might allow deviation from a strict application of the doctrine. *Shoemake v. Shoemake*, 200 Ga. App. 182 (407 SE2d 134).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED DECEMBER 15, 1995.

*Washburn & Washburn, Lawrence L. Washburn III*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Scott A. Drake, William Z. Meadows, Richard E. Thomas, Assistant Solicitors*, for appellee.