S95G0392. THE STATE v. KENNEDY.

(467 SE2d 493)

</div>

HINES, Justice.

William Kennedy, Jr., was convicted of burglarizing the home of his mother-in-law and estranged wife. The Court of Appeals reversed the conviction based on our holding in Division 3 of *Mitchell v. State*, 263 Ga. 129 (429 SE2d 517) (1993). *Kennedy v. State*, 215 Ga. App. 232 (450 SE2d 252) (1994). We granted the State's application for writ of certiorari to revisit our holding in *Mitchell*.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1. In *Mitchell*, the defendant argued that, as a matter of law, he could not have entered the apartment " 'without authority' " because he and the victim "were either married or lived together." *Mitchell*, supra at 130. We held that under the facts in that case, it was error for the trial court not to charge the jury that a finding that the defendant and victim either lived together, or were married, required a verdict of not guilty to the burglary charge. Id. at 131.

In *Mitchell*, we recognized that marriage is a significant factor in the determination of whether one spouse is *authorized*, as provided in OCGA § 16-7-1, to enter the separate residence of his or her estranged spouse. However, marriage alone is not an absolute defense to burglary. There are no express marital exemptions nor implicit exclusions in the burglary statute which give a spouse unlimited consent, as a matter of law, to enter the separate residence of his or her estranged spouse. Cf. *Warren v. State*, 255 Ga. 151 (336 SE2d 221) (1985). An entry into the separate residence of an estranged spouse,

without authority and with the intent to commit a felony or theft[1] therein, constitutes burglary. *Johnson v. State*, 262 Ga. 441 (421 SE2d 70) (1992). Accordingly, we expressly disapprove of any language in Division 3 of *Mitchell*, supra, which may indicate that, as a matter of law, a married defendant cannot burglarize the separate residence of his or her estranged spouse.

Consequently, because the Court of Appeals was required to apply our holding in *Mitchell*, which we now disapprove, we must reverse the decision of the Court of Appeals and remand this case to that court to review the evidence in light of our holding.

*Judgment reversed and case remanded. All the Justices concur.*

SEARS, Justice, concurring.

I fully concur with the majority. By acknowledging that no person's spouse has the inherent right to cross the threshold of a residence he or she once occupied but now does not, in order to commit a crime, this Court once again takes one small step across the threshold of reality into life in the 1990s, where divorce has become a much more common phenomenon. I write first to encourage the General Assembly to take a similar but larger and more critical step. Incredible as it may seem in this day and time, our theft statutes still contain the archaic and absurd proposition that one spouse can never be guilty of the theft of property of another spouse, no matter the circumstances.[2] Thus, in this case, if the defendant had broken into the separate home of his estranged spouse and taken money that she had struggled to earn and save after their separation, our criminal laws would subject him to no criminal penalty for that theft, effectively granting him a license to steal. The majority opinion rightly expresses its "concern[] [for] such a result,"[3] but I think more rightly we should express our outrage for an injustice that fails to comport with contemporary notions of modern marriage and divorce and the evolving

---

[1] The evidence in this case indicates that Kennedy entered the separate residence of his estranged spouse with the intent to retrieve his own clothes and take money from the person of his mother-in-law.

The current Georgia theft statutes do not include the unauthorized taking of the property of one's spouse or the property owned jointly by the spouses. OCGA § 16-8-1. Accordingly, it has been held that where a married defendant enters the property of his or her estranged spouse, without authority, and with the intent to take property belonging to the estranged spouse, the defendant has not formed the intent to commit theft, and therefore cannot be guilty of burglary. *Calloway v. State*, 176 Ga. App. 674 (4) (337 SE2d 397) (1985). We are concerned by such a result, and believe it is time the legislature reconsider the propriety of such a marital exemption.

[2] This result occurs because the object of a theft must be the "property of another," OCGA § 16-8-2, and because OCGA § 16-8-1 (3) defines "property of another" so as to exclude "property belonging to the spouse of an accused or to them jointly." See *Calloway v. State*, 176 Ga. App. 674, 677-678 (4) (337 SE2d 397) (1985).

[3] Majority opinion at 196, n. 1.

economic independence of women. Such a law needs undoing.

I write also to point out that while the point in which two people are married is almost always easy to define, the point in which a marriage is dissolved and one person no longer has the authority to enter the dwelling of another is often far murkier. Being "separated" or "estranged" can connote many things. It can be seen as a temporary respite — a "time out" from a highly stressed marital situation, designed to strengthen a marriage; it may, for some, be a "trial separation" — a chance to see what living apart feels like, in which case divorce is only, for example, a 50/50 proposition; or it can be seen as a temporary but permanent step toward divorce. Given these circumstances, we have no choice but to either trust our factfinders to discern when a spouse has truly vacated hearth and home as part of the process of dissolving his or her relationship, or to ask our lawmakers or trial judges to create a reasonable bright line rule to cover these situations.[4]

DECIDED FEBRUARY 5, 1996.

Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, for appellant.
Mark B. Beberman, for appellee.

---

[4] Trial judges could perhaps achieve a bright line of demarcation by entering a valid restraining order against one or both spouses.