## A94A1593. KENNEDY v. THE STATE.
(472 SE2d 706)

SMITH, Judge.

William Kennedy, Jr. was convicted of burglarizing the home of his mother-in-law and estranged wife. In *Kennedy v. State*, 215 Ga. App. 232 (450 SE2d 252) (1994), this Court felt constrained to reverse the conviction based upon the Supreme Court's holding in *Mitchell v. State*, 263 Ga. 129, 130-131 (3) (429 SE2d 517) (1993), but suggested that *Mitchell* should be clarified or corrected. 215 Ga. App. at 233-234. *Mitchell*'s holding on the issue of authority to enter the home of an estranged spouse was disapproved by the Supreme Court of Georgia, and this Court's decision was reversed and remanded to consider the evidence in light of that holding. *State v. Kennedy*, 266 Ga. 195 (467 SE2d 493) (1996).

1. Our original judgment in this case is vacated, and the opinion of the Supreme Court is adopted in its place.

2. The remaining question is the sufficiency of the evidence to support Kennedy's conviction. Construed in favor of the decision of the factfinder, the evidence shows that the police were called to a home on a complaint of attempted rape. Kennedy was separated from his wife, who was living in the home with the victim, her mother and Kennedy's mother-in-law. The victim, since deceased, was a double amputee and stroke victim with very limited use of her arms. She positively identified Kennedy to the police and to her daughter as the person who entered her bedroom, threw a blanket over her head, and placed his hand on her breast. She believed he was attempting to rape her.

Kennedy gave several statements to the police in which he denied attempting to rape the victim, but stated that he needed money for crack cocaine. He knew the victim had received a disability

check recently and believed she kept the money in her brassiere. He entered the house by removing a pane of glass from a window and searched the victim for the money. When he was unable to find it, he pushed the victim off the bed and ran out the back door. "An entry into the separate residence of an estranged spouse, without authority and with the intent to commit a felony or theft therein, constitutes burglary." *State v. Kennedy*, supra at 195-196. Accordingly, there was ample evidence authorizing a rational finder of fact to conclude that Kennedy was guilty beyond a reasonable doubt of the offense of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED JUNE 21, 1996.

*Mark B. Beberman*, for appellant.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, David T. Lock, Assistant District Attorneys*, for appellee.