## A97A0179. WYNN v. THE STATE.
(483 SE2d 352)

JOHNSON, Judge.

Terry Lamar Wynn appeals his conviction and sentence on charges of theft by receiving and simple battery. Finding the evidence sufficient to support the convictions and Wynn's remaining enumerations of error without merit, we affirm.

1. We review Wynn's challenge to the sufficiency of the evidence under the standard of *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). In the early morning hours of January 29, 1995, a police officer received a 911 dispatch to an apartment complex in Clayton County. When he arrived, a young, very upset woman with a swollen lip and eye and blood-covered sweater came running to his car. The woman, who did not testify at trial, told the officer that Wynn forced her into a van, made her accompany him to the apartment, and beat her. This victim also stated she believed the van to be stolen because it had a broken steering column. The officer found Wynn lying in the back of the van. The van's owner testified that it was stolen approximately two weeks before Wynn's arrest, that the steering column was not broken before the theft, and that no keys were in the van when it was taken. Wynn testified and admitted he hit the victim in the face while they were in the apartment; however, he claimed he was justified in doing so because she was using abusive language and attempting to take money out of his pocket.

This evidence supports the convictions. Wynn admitted hitting the victim in the face, and even assuming his justification defense was viable, the jury was not required to believe it. See *Jenkins v. State*, 241 Ga. 212 (244 SE2d 868) (1978). These circumstances were also sufficient to authorize a conviction for theft by receiving. *Sanders v. State*, 204 Ga. App. 545, 546-547 (1) (a) (419 SE2d 759) (1992); *Weaver v. State*, 169 Ga. App. 890, 892-893 (4) (315 SE2d 467) (1984).

2. The trial court did not err by allowing the officer to repeat the victim's statements, which were made in the first few minutes after the excited and upset young woman approached the officer asking for assistance. The trial court determined these statements to be part of the res gestae, and its finding is not clearly erroneous. See *McKinney v. State*, 218 Ga. App. 633, 634 (1) (463 SE2d 136) (1995).

3. Wynn also claims the trial court erred by admitting a portion of the victim's statement to the officer which mentioned that Wynn had forced her into the van and brought her to the apartment complex. He claims this statement impugned his character by injecting the uncharged crime of kidnapping into the trial. We find no error. The state was entitled to inform the jury of all the circumstances surrounding the commission of the crimes for which Wynn was on trial. The statement showed the reason the victim gave for being with

Wynn that night; therefore, this evidence formed part of the res gestae and was admissible even though it did not reflect positively on Wynn's character. See *Sprattling v. State*, 218 Ga. App. 576, 577 (1) (462 SE2d 461) (1995).

4. Wynn claims the trial court improperly limited his ability to testify regarding the victim's bias against him. In support of this claim, he shows the trial court sustained an objection to his attorney's question, "And what was [the victim] like when you would see her?" The trial court also sustained a hearsay objection to Wynn's testimony that the victim was "talking about money" just before Wynn hit her, and the court would not allow Wynn to testify regarding his reasons for not wanting to have sex with the victim. Even if these rulings were error, the transcript of Wynn's testimony clearly shows he was allowed to present evidence that he and the victim had previously dated and that she harbored anger against him over issues of money and other women. In light of this other evidence showing the relationship between the defendant and victim, and the overwhelming evidence from independent sources showing Wynn's guilt, including Wynn's own admissions, any alleged error in excluding the proffered testimony was harmless beyond a reasonable doubt. See *Wyatt v. State*, 222 Ga. App. 604, 605 (1) (475 SE2d 651) (1996); *Moclaire v. State*, 215 Ga. App. 360, 362 (3) (451 SE2d 68) (1994).

Wynn also claims the court erred by prohibiting his counsel from mentioning in his opening statement prior difficulties between the defendant and victim. "[T]he trial court has a sound discretion to control the content of the opening statement of either party, particularly with regard to matters of questionable admissibility." *Sims v. State*, 251 Ga. 877, 879 (3) (311 SE2d 161) (1984). As the trial court had not determined the admissibility of this evidence, it did not abuse its discretion by preventing Wynn's counsel from mentioning the evidence in opening statement.

5. "The trial court did not err in failing to charge the law requiring corroboration of an accomplice's testimony, absent a request to do so. [Cit.]" *Thornton v. State*, 264 Ga. 563, 578 (23) (i) (449 SE2d 98) (1994).

6. Wynn claims the state gave him insufficient notice of its intent to use his prior convictions in aggravation of his sentence. Because he failed to object to the introduction of those prior convictions, he waived this claimed error. *Tillman v. State*, 217 Ga. App. 269, 270 (2) (457 SE2d 228) (1995).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 5, 1997.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney*, for appellee.