A97A0711. SCRUGGS v. THE STATE.
(488 SE2d 110)

SMITH, Judge.

Jesse L. Scruggs was indicted by a Fulton County grand jury on one count of theft by receiving a stolen vehicle, OCGA § 16-8-7 (a). He was convicted by a jury, and his motion for new trial was denied. Scruggs appeals, asserting that the trial court erred in refusing to strike a juror for cause, in admitting certain evidence, and in its instructions to the jury. We find no error and affirm.

1. Scruggs first complains that a potential juror employed in law enforcement should have been excused for cause.[1] This potential juror identified herself as a corrections officer with the City of Atlanta. Although she had operated a breathalyzer machine and had testified in court, she had no arrest powers.

The general rule in Georgia is that full-time law enforcement officers must be excused for cause upon timely challenge. *Hutcheson v. State,* 246 Ga. 13, 14 (1) (268 SE2d 643) (1980). This rule is not applicable, however, to corrections officers without arrest powers. *Thompson v. State,* 212 Ga. App. 175, 176 (1) (442 SE2d 771) (1994). The trial court did not abuse its discretion by refusing to excuse this potential juror for cause.

2. Scruggs also contends that certain testimony was impermissible hearsay improperly admitted over his objection.

(a) First, Scruggs complains that, on direct examination, a detective with the City of Atlanta auto theft squad was permitted to testify that he received a police department bulletin to be on the lookout for an unmarked black or blue flatbed wrecker, fairly new, that "was involved with vehicle thefts here in the city." Scruggs's counsel

---

[1] She did not serve because Scruggs exercised one of his peremptory strikes against her. But this no longer determines whether an accused has been harmed by the failure to excuse a disqualified prospective juror. *Hayes v. State,* 261 Ga. 439, 441 (2) (405 SE2d 660) (1991).

objected, but the trial court admitted the testimony as tending to explain conduct. The detective went on to testify that, because of the bulletin, when he saw the wrecker in question on an Atlanta street, he decided to follow it and put it under surveillance.

On cross-examination, Scruggs's counsel closely questioned the detective regarding actions that he failed to take in the course of his investigation, including testimony that he did not immediately stop the wrecker or question its occupants but placed it under surveillance and waited until after they left the scene to identify the wrecker. On redirect, the detective elaborated that he waited to identify the wrecker because he was most concerned with the vehicle thefts that had been reported in connection with the wrecker. At this point, after Scruggs objected again, the trial court instructed the jury "to disregard any information with regard to vehicle thefts."

The initial admission of this evidence was not error. It is well established that all the circumstances surrounding the commission of the crime or crimes charged are admissible as part of the res gestae even though they may have incidentally placed Scruggs's character in evidence. *Sprattling v. State*, 218 Ga. App. 576, 577 (1) (462 SE2d 461) (1995) (trial court properly admitted evidence that vehicle identified as getaway car in armed robbery was stolen vehicle found near defendant's home). And this situation is one of the "rare instances" in which hearsay was properly used to explain the detective's conduct. Otherwise, a jury might find the detective's conduct in following the wrecker and placing it under surveillance rather than stopping it immediately "so inexplicable, highhanded, or even illegal, as to cast unwarranted doubt on the prosecution. [Cit.]" *Ross v. State*, 210 Ga. App. 455, 456 (436 SE2d 496) (1993). This is particularly true where defense counsel opened a line of questioning regarding the detective's conduct of the investigation "and then stopped the questioning in such a way as to raise an inference which redirect examination showed to be incorrect. Under those circumstances, the trial court's decision to admit the testimony falls within the narrow range of matters about which an appellant may not complain because his own procedure or conduct procured or aided in causing it. [Cit.]" *Griffin v. State*, 265 Ga. 552, 554 (3) (458 SE2d 813) (1995). Moreover, Scruggs has not contended that a mistrial should have been granted or that the trial court's eventual curative instruction was inadequate.

(b) Second, Scruggs complains that the trial court improperly permitted the detective to testify to hearsay regarding the identity of the man driving the wrecker. The detective testified that he was unable to see the face of the driver before he pulled into a side yard used as a parking area and left the wrecker there, although he described his general appearance and build. But he recognized the

driver as the same man who drove out of the parking area in another vehicle 10-15 minutes later by his height and his clothing, which he described in detail. He testified that no one in the area was wearing similar clothing. As the man drove out of the parking area, the detective was able to make eye contact with him and get a "good look" at his face. The detective then walked into the parking area and questioned several bystanders, one of whom identified the driver of the wrecker as "Terry." It is to this identification that Scruggs objected; he did not object below to the detective's further testimony that the bystander also identified "Terry" as the driver of the other vehicle.[2]

Similar testimony was held to be harmless even if erroneous in *Wright v. State*, 187 Ga. App. 311, 312 (2) (370 SE2d 160) (1988). An investigating officer testified over hearsay objection that he was given a name to match the description of an armed robber. This Court observed: "After all, viewed in context, the officer simply testified that someone thought defendant matched the perpetrator's description, nothing more. [Cit.] The victim gave similar testimony; and the jury could make such a determination for itself. [Cit.]" Id. at 312. Here, the detective simply testified that someone gave the name "Terry" to him as the identity of the driver, and no evidence ever connected the nickname "Terry" with Scruggs. The detective also testified that he was able to identify Scruggs as the driver of both vehicles by his general appearance and clothing independently of the bystander's identification. He was also able to connect Scruggs with the second vehicle because it was registered to Scruggs's wife. Another detective who was familiar with Scruggs's appearance positively identified him as the driver of the wrecker on an earlier occasion. Under the circumstances, if admission of the officer's testimony was error, it was harmless.

3. Scruggs also enumerates as error the trial court's refusal to give several requested instructions to the jury. He first contends the trial court should have charged the jury on the language of OCGA § 24-9-68 regarding the state of a witness's feelings toward the accused. A request to charge, however, must be legal, apt, precisely adjusted to some principle involved in the case, and authorized by the evidence. *Wideman v. State*, 222 Ga. App. 733 (2) (476 SE2d 49) (1996).

Scruggs's requested charge was not authorized by the evidence. One detective's testimony suggested that he was familiar with Scruggs's appearance, and the other detective testified that he waved at Scruggs when he left the parking lot. But no testimony was ever

---

[2] Hearsay has no probative value even if admitted without objection. *Shaver v. State*, 199 Ga. App. 428, 429-430 (405 SE2d 281) (1991).

elicited regarding the detectives' feelings or bias towards Scruggs or why they were familiar with his appearance. Because no evidence showed the state of the detectives' feelings toward Scruggs or any relationship with him, the charge was not warranted.

Similarly, no evidence was presented to support Scruggs's requested charges on mistaken belief or misapprehension of fact. The evidence showed that Scruggs was driving the wrecker with the steering column broken to enable it to be driven with a flat-head screwdriver instead of a key. A detective testified that the condition of the steering column was obvious to anyone driving the vehicle. Scruggs points to no testimony or evidence that he had a mistaken belief or misapprehension of fact. While Scruggs correctly asserts that knowledge of the theft of the property in question is an element of theft by receiving, OCGA § 16-8-7 (a), the trial court fully instructed the jury on all the elements of the offense, including knowledge. The trial court did not err in refusing to give Scruggs's requested instruction.

4. Finally, Scruggs complains of the trial court's charge on sole and joint possession. In discussing the State's charge on sole and joint possession, the trial court specifically noted the evidence that two people were seen in the wrecker. This evidence supported a charge of joint possession. *Lance v. State*, 191 Ga. App. 701, 703 (2) (382 SE2d 726) (1989).[3]

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 24, 1997.

*William T. Hankins III*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney*, for appellee.

---

[3] We note that Scruggs supported his request for a circumstantial evidence charge, which was refused, by contending it was necessary because one of the detectives observed two people in the wrecker.