## A00A1677. FLEMING v. FLEMING.
### (539 SE2d 563)

PHIPPS, Judge.

Mary Ellen Fleming appeals the trial court's dismissal of part of her complaint. She contends that the trial court erred by finding that she could not proceed against her former husband on claims relating to his conversion of stock certificates owned solely in her name. We agree and reverse.

Mary Ellen Fleming filed a complaint for divorce against John Van Fleming. While the divorce action was pending, she discovered that he had forged her name to certain stock certificates and, without her knowledge or consent, redeemed them, and pocketed the money for himself.[1] She then amended the divorce action to add a second count to recover damages including punitive damages based on John Fleming's purported commission of theft, forgery, and conversion. The trial court ordered the bifurcation of the action and ruled that the divorce action would be tried first. The court reserved deciding whether SunTrust Bank could be added as a party defendant.

After the conclusion of a jury trial on Count 1 and a few days before the scheduled trial on Count 2, Mary Ellen Fleming filed a "trial amendment" in which she added claims for attorney fees and stubborn litigiousness. John Fleming responded by moving to dismiss the remaining count, claiming it was barred by res judicata and collateral estoppel. He argued that the stock ownership issue should have been adjudicated "in the prior trial of this action in which a verdict was entered." He urged that "[p]laintiff is estopped from seeking a retrial of issues that were or could have been presented for trial."

After considering his motion, the trial court ordered the dismissal of Count 2. In so doing, the court primarily relied upon the codification of the crime of conversion under OCGA § 16-8-4 (a). The court noted that within the criminal code, the statutory definition of "property of another" does not include "property belonging to the spouse of [the] accused or to them jointly."[2] Relying upon the criminal statute defining conversion, the trial court decided that "as a matter of law, the Defendant could not have converted the Plaintiff's stock." Finding that Mary Ellen Fleming's complaint failed to state a claim for which relief could be granted, the court dismissed Count 2 in its

---

[1] During a contempt hearing, John Fleming admitted that without his wife's knowledge or consent, he signed her name to stock certificates issued solely in her name, then transferred $16,105.28 to a joint account with SunTrust Bank. He testified that when he sold his wife's stock, they had already separated but his wife had not yet filed for divorce. He admitted, however, that after being served with the divorce suit, he subsequently transferred $16,000 of the proceeds from the sale of the stock to an investment account over which he had sole control.

[2] OCGA § 16-8-1 (3).

entirety.

Mary Ellen Fleming contends that the trial court erred by finding as a matter of law that she could not bring a claim for conversion based on an allegation that her then husband forged her name to stock certificates held solely in her name.[3] She argues that the trial court failed to distinguish between the preclusive effect of the criminal code sections defining and punishing the crime of conversion and the somewhat less restrictive rules governing civil tort actions between spouses.

Whether John Fleming could be criminally prosecuted for conversion was never at issue.[4] Instead, the question was whether Mary Ellen Fleming could maintain the tort claims within the context of the divorce proceeding.[5] Notwithstanding the trial court's finding to the contrary, that action was not foreclosed.[6]

Historically, the Supreme Court of Georgia and the General Assembly have distinguished between those interspousal tort claims involving property rights and those involving personal torts.[7] In *Eddleman v. Eddleman*, the Supreme Court determined that the doctrine of interspousal immunity created a bar only to the latter claims.[8] Similarly, in *Shah v. Shah*, the Supreme Court explicitly endorsed a wife's right to amend her complaint for divorce to add a tort claim relating to property, a claim that her husband had fraudulently conveyed certain property to his father.[9] In a recent case, *Bearden v. Bearden*, this court reached a similar result.[10] We held that when there is no marital harmony to preserve and there exists no possibility of collusion between spouses, interspousal immunity does not automatically bar an action sounding in tort.[11] Here, there

---

[3] OCGA § 19-3-9 provides that "[t]he separate property of each spouse shall remain the separate property of that spouse, except as provided in Chapters 5 and 6 of this title and except as otherwise provided by law." This Code section protects the right of a spouse to keep, acquire, and control separate property.

[4] *Barron v. State*, 219 Ga. App. 481, 482 (465 SE2d 529) (1995); *Calloway v. State*, 176 Ga. App. 674, 677 (4) (337 SE2d 397) (1985); but see *State v. Kennedy*, 266 Ga. 195-196 (467 SE2d 493) (1996).

[5] Counsel for Mary Ellen Fleming conceded at the hearing on the motion to dismiss that absent proof of the elements of theft and conversion, actual damages would not be obtainable.

[6] See *Shah v. Shah*, 270 Ga. 649, 650 (1) (513 SE2d 730) (1999).

[7] *Eddleman v. Eddleman*, 183 Ga. 766, 771 (189 SE 833) (1937) (husband could maintain suit to recover personal property converted by wife); compare OCGA §§ 19-3-8 and 19-3-9.

[8] *Eddleman*, supra.

[9] See *Shah*, supra; OCGA § 9-11-18 (a) provides general authority to join other claims in a divorce action.

[10] 231 Ga. App. 182, 183-184 (499 SE2d 359) (1998).

[11] Id.; see also *Dester v. Dester*, 240 Ga. App. 711, 713 (3) (523 SE2d 635) (1999); *Shoemake v. Shoemake*, 200 Ga. App. 182, 183 (407 SE2d 134) (1991) (physical precedent only).

was no marital harmony to preserve, and the likelihood of collusion was apparently nonexistent.[12] For these reasons, the doctrine of interspousal immunity did not foreclose these tort claims even assuming the claims had arisen during the marriage.[13] Accordingly, we find that the trial court erred as a matter of law by dismissing the tort claims.[14]

Notwithstanding John Fleming's contention to the contrary, the tort claims at issue have not already been litigated. During the hearing on a motion to add SunTrust as a party defendant, apparently on its own initiative, the trial court decided to bifurcate the trial of the two counts and refused to allow the counts to be tried together.[15] The doctrine of collateral estoppel applies when an issue of fact or law is actually litigated, is determined by a valid judgment, and that determination is essential to the judgment.[16] Although John Fleming contends that the issues of forgery and the redemption of the stock were tried at length during the divorce proceedings, he fails to support these assertions with any citations to the record. Because the resolution of the tort claims raised in Count 2 has not as yet occurred, Mary Ellen Fleming is not collaterally estopped from pursuing those claims.[17]

*Judgment reversed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 19, 2000 — 

*Greer, Klosik, Daugherty & Swank, Frank J. Klosik, Jr., Paul R. Koehler,* for appellant.
*Harrison & Harrison, G. Hughel Harrison,* for appellee.

---

[12] See *Robeson v. Intl. Indem. Co.*, 248 Ga. 306, 307 (1) (282 SE2d 896) (1981).

[13] Compare *Stanfield v. Stanfield*, 187 Ga. App. 722 (371 SE2d 265) (1988) (application of interspousal tort immunity barred tort claims by wife against her former husband).

[14] See *Shah*, supra.

[15] The court declined a request to issue a certificate of immediate review of its order to sever the trial of the counts and to defer ruling on the addition of the bank as a party.

[16] *Kent v. Kent*, 265 Ga. 211 (1) (452 SE2d 764) (1995).

[17] See *Matherly v. Kinney*, 227 Ga. App. 302, 304 (2) (489 SE2d 89) (1997).