## A00A1888. ARMOUR v. THE STATE.
(544 SE2d 516)

ANDREWS, Presiding Judge.

Tommy Andrew Armour appeals from the judgment entered after his conviction by a jury of six offenses resulting from an assault on Chambers, his girlfriend, on November 26, 1998, and one count resulting from an incident on July 17, 1997. Armour contends that the evidence of burglary (Count 1) was legally insufficient and that the court erred in allowing a prior statement of the victim to be introduced.

1. Considering the second enumeration regarding sufficiency of the evidence first and viewing the evidence with all inferences in favor of the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was that Armour and Chambers had previously lived together in Chambers' duplex and that their relationship had been a violent one. Chambers rented both sides of the duplex under an oral month-to-month lease. She paid the utilities, except for the gas bill which was in Armour's name. During the times when he did not stay with Chambers, Armour lived with his mother.

Chambers testified unequivocally that she had asked Armour to leave the duplex several days before November 26, 1998, and that, on that date, Armour did not have permission to be in the duplex. Because she was afraid of Armour, who had been threatening her and following her, Chambers stayed with her mother on November 25, 1998. Armour had called her there, wanting to talk and to come to Chambers' duplex. Chambers told him not to come.

When Chambers returned to the duplex on November 26, she found Armour in the upstairs bedroom behind a door. Armour assaulted Chambers, leaving numerous bruises and a severely broken nose.

Armour argues that, since he once lived with Chambers, he could not be said to have entered the duplex "without authority" as required by OCGA § 16-7-1 (a).

This argument is unpersuasive because

> [o]nly authorized entry into a building or mistake of fact would constitute an affirmative defense to a burglary charge. *Gray v. State*, 163 Ga. App. 720 (294 SE2d 697) (1982). Once the victim had withdrawn the defendant's authority to enter her house, the fact that the defendant may have once lived at the victim's house and had left personal property within the house does not, in itself, give the defendant subsequent authority to enter. The Supreme Court held that "an entry into the separate residence of an

estranged spouse, without authority and with the intent to commit a felony or theft therein, constitutes burglary." *State v. Kennedy*, 266 Ga. 195, 196 (467 SE2d 493) (1996), overruling *Mitchell v. State*, 263 Ga. 129 (429 SE2d 517) (1993), reversing *Kennedy v. State*, 215 Ga. App. 232 (450 SE2d 252) (1994).

*Pittman v. State*, 230 Ga. App. 799, 802 (498 SE2d 309) (1998). The evidence of burglary was legally sufficient.

2. Armour's first enumeration is that the trial court erred in allowing the State to have Chambers read her handwritten statement, given during the investigation, in addition to testifying concerning the events, because this improperly bolstered her testimony.

During her direct testimony, after testifying as to what occurred on November 26, Chambers, over Armour's objection, read the contents of the statement which she had made to Sheriff's Deputy Libow on November 30, which was consistent with her trial testimony.[1]

Pursuant to *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998), such prior consistent statements are admissible "only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination." Id.

Here, Chambers' veracity had not been placed in issue when the prior consistent statement of November 30 was introduced. Admission of this statement was error. *Robinson v. State*, 246 Ga. App. 576, 581 (5) (541 SE2d 660) (2000); *Phillips v. State*, 241 Ga. App. 764, 766 (527 SE2d 604) (2000). The question, however, is whether overruling the objection was harmful. We find that it was not. First, after objecting to the statement during Chambers' direct examination, Armour had her reread the statement during his cross-examination. Additionally, Deputy McKusker, who responded to the incident on November 26, testified as to the statement made to him by Chambers, which was consistent with her later statement to Libow. Although objected to by Armour as improper bolstering, this statement was admitted by the trial court as res gestae. That decision is not complained of here and was not clearly erroneous. *Davison v. State*, 241 Ga. App. 685, 687 (3) (527 SE2d 285) (1999); *Taylor v. State*, 226 Ga. App. 339, 340 (1) (486 SE2d 601) (1997); *Wynn v. State*, 225 Ga. App. 206 (2) (483 SE2d 352) (1997).

There was no harmful error. *Astudillo v. State*, 244 Ga. App. 612 (536 SE2d 271) (2000).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

---

[1] Although the State argues that the testimony was inconsistent with her statement, we do not agree.

DECIDED JANUARY 19, 2001.

*William B. Hollingsworth,* for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.