## A10A1597. KEATHLEY v. THE STATE.
(699 SE2d 765)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, Clarence Keathley appeals his conviction for burglary on grounds of insufficient evidence. Under existing Georgia law, we are constrained to agree with Keathley that the State failed to prove the essential element of an intent to commit theft, and we therefore reverse.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that following a tumultuous year of marriage, Keathley and his wife decided to separate. His wife moved out of their marital apartment and rented her own apartment

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

on December 30, 2004, where she lived alone. When Keathley came to visit her on February 2, 2005, she allowed him to enter her new apartment but soon asked him to leave, which he did. She then exited the apartment and went to visit a friend, leaving Keathley standing outside her locked door.

When she returned some hours later, she discovered that someone had ransacked her apartment, slashed her mattress, thrown bleach on her clothes, and stolen many of her personal items including her jewelry, medications, television, DVD player, food, and other items. While away, she had also received numerous harassing phone messages from Keathley, including one in which he threatened to kill her. A police detective investigating the matter interviewed Keathley, who confessed to entering the apartment without his wife's consent, to destroying the mattress, and to taking his wife's television and DVD player.

Indicted for burglary with intent to commit a theft,[3] terroristic threats,[4] and harassing phone calls,[5] Keathley claimed at his 2005 trial that although he had admittedly entered his wife's apartment without authority, had destroyed some of her property, and had taken some of her property, he had not gone into the apartment with the intent to commit theft, since they undisputably were still married at the time. The jury found him guilty of burglary and of making harassing phone calls, acquitting him of the terroristic threats charge. The court sentenced Keathley to ten years on the burglary charge (four to serve) and to twelve months on the harassing phone calls charge (to be served concurrently).[6] Following the December 2009 denial of Keathley's motion for new trial, this appeal ensued.

On appeal, Keathley does not challenge the conviction regarding harassing phone calls, but challenges only the burglary conviction, enumerating three grounds. Inasmuch as his challenge to the sufficiency of the evidence is meritorious, we need not discuss the other two grounds.

"The essential elements of burglary are: (1) entering the building of another; (2) without authority; (3) with the intent to commit a theft [or felony] therein." (Punctuation omitted.) *Jackson v. State*.[7] See OCGA § 16-7-1 (a). Focusing on the third element when the

---

[3] OCGA § 16-7-1 (a).

[4] OCGA § 16-11-37 (a).

[5] OCGA § 16-11-39.1 (a).

[6] As he did not obtain an appeal bond, Keathley has served his four years in prison and is now serving his probation.

[7] *Jackson v. State*, 260 Ga. App. 848, 852 (5) (581 SE2d 382) (2003).

accused and the victim are married, *Calloway v. State*[8] held:

> Burglary involves entry with intent to commit a felony or theft. OCGA § 16-7-1. The indictment charged the latter. The object of the theft must be "property of another[.]" OCGA § 16-8-2. By definition, "property of another" under Georgia law excludes property belonging to the spouse of an accused or to them jointly. OCGA § 16-8-1. Accordingly, if defendant and the victim were married at the time of the entry, defendant could not have had the "intent to commit a theft" alleged in the burglary count.

(Footnote omitted.)

Confirming this analysis, the Supreme Court of Georgia in 1996 in *State v. Kennedy*[9] held that although the *entry* of a spouse, without consent, into the separate residence of the other estranged spouse is unauthorized, there is nevertheless no "intent to commit theft" if the only property intended to be taken during the unauthorized entry is that belonging to the estranged spouse. *Kennedy* reiterated:

> The current Georgia theft statutes do not include the unauthorized taking of the property of one's spouse or the property owned jointly by the spouses. OCGA § 16-8-1. Accordingly, . . . where a married defendant enters the property of his or her estranged spouse, without authority, and with the intent to take property belonging to the estranged spouse, the defendant has not formed the intent to commit theft, and therefore cannot be guilty of burglary.

Id. at 196, n. 1. See also *Barron v. State*.[10] *Fleming v. Fleming*[11] (cited by the State) is distinguishable in that no criminal prosecution was at issue there.

Due to the seeming unjustness of such laws, the Supreme Court in *Kennedy* expressed that it was "concerned by such a result, and believe[d] it [was] time the legislature reconsider the propriety of such a marital exemption." Id. at 196, n. 1. Indeed, Justice Sears in her concurring opinion was more vociferous in her encouragement of a change in the law:

> Incredible as it may seem in this day and time, our theft statutes still contain the archaic and absurd proposition

---

[8] *Calloway v. State*, 176 Ga. App. 674, 677 (4) (337 SE2d 397) (1985).
[9] *State v. Kennedy*, 266 Ga. 195, 195-196 (467 SE2d 493) (1996).
[10] *Barron v. State*, 219 Ga. App. 481, 482 (465 SE2d 529) (1995).
[11] *Fleming v. Fleming*, 246 Ga. App. 69, 70 (539 SE2d 563) (2000).

that one spouse can never be guilty of the theft of property of another spouse, no matter the circumstances. Thus, in this case, if the defendant had broken into the separate home of his estranged spouse and taken money that she had struggled to earn and save after their separation, our criminal laws would subject him to no criminal penalty for that theft, effectively granting him a license to steal. The majority opinion rightly expresses its concern for such a result, but I think more rightly we should express our outrage for an injustice that fails to comport with contemporary notions of modern marriage and divorce and the evolving economic independence of women. Such a law needs undoing.

(Punctuation and footnotes omitted.) Id. at 196-197 (Sears, J., concurring).

Nevertheless, over the intervening years since 1996, the legislature has not chosen to change the applicable statutes. Accordingly, we are bound to follow the law as set forth in those statutes.

Here, Keathley was indicted for burglary with intent to commit theft. All the property in Keathley's wife's apartment, in which she lived alone, belonged to her,[12] including that taken by Keathley. Under the controlling statutes and authorities cited above, the State failed to prove that Keathley entered the apartment with the intent to commit theft of the property of another. Accordingly, we are constrained to reverse Keathley's burglary conviction on the ground of insufficient evidence.

*Judgment reversed as to burglary conviction. Barnes, P. J., and Bernes, J., concur.*

DECIDED JULY 19, 2010.

*Clegg, Daniels & Petrey, Jennifer M. Daniels*, for appellant.
*Daniel J. Porter, District Attorney, Jon W. Setzer, Assistant District Attorney*, for appellee.

---

[12] There was some property belonging to Keathley stored in an outside storage closet with a separate entrance, but he did not enter this closet, and the property therein was his in any case.